767 So.2d 215 (2000)
Hillary COLLOM and Kristine Collom, Appellants,
v.
Helen M. SENHOLTZ, Appellee.
No. 1999-CA-01182-COA.
Court of Appeals of Mississippi.
February 22, 2000.
Rehearing Denied May 16, 2000.
Certiorari Denied August 24, 2000.
William Michael Kulick, Biloxi, Attorney for Appellants.
Joe Crawford Gewin, Biloxi, Attorney for Appellee.
BEFORE KING, P.J., DIAZ, IRVING, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. This case comes before the Court on appeal from an order entered in the Circuit Court of Harrison County dismissing the Colloms' complaint filed against Helen *216 Senholtz, alleging the following issue as error:

I. THE TRIAL COURT IMPROPERLY APPLIED M.R.C.P. 4(d)(1)(A)(B) AND M.R.C.P. 4(h) IN ITS DECISION TO DISMISS PLAINTIFF'S COMPLAINT WHEN THE DEFENDANT MADE A GENERAL APPEARANCE WITHIN 120 DAYS.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Hillary and Kristine Collom filed a complaint on November 26, 1997 against Helen Senholtz and David Rogers claiming damages for injuries caused by a multi-car accident that occurred on November 29, 1994. A process server served Helen Senholtz by giving a copy of the summons and complaint to Helen Senholtz's nineteen year-old daughter, who resided in the same household. On December 16, 1997, Helen Senholtz's counsel answered the complaint. In her answer Senholtz requested the complaint be dismissed, denying proper service of process. She also raised an affirmative defense of improper and/or insufficient service of process in the answer. On May 26, 1998, 121 days after the filing of the complaint, Senholtz filed her motion to dismiss pursuant to M.R.C.P. 4(h). A hearing was set for June 22, 1998. Sometime between the filing of the motion to dismiss and the date of the hearing, plaintiffs counsel mailed a copy of the summons and complaint to Helen Senholtz. The trial court granted the defendant's motion to dismiss on September 18, 1998, and the plaintiff appealed that decision to this Court.

ANALYSIS
¶ 4. Appellant argues that Senholtz obviously had actual notice of the lawsuit because the defendant filed an answer to the suit, which appellant claims constituted a general appearance, absolving the plaintiff from being required to complete the service of process. This issue has recently been addressed by the Mississippi Supreme Court in Rains v. Gardner, 731 So.2d 1192 (Miss.1999), where the court granted certiorari to answer the question of whether a party may make a special appearance to challenge the sufficiency of process while simultaneously raising issues constituting a general appearance. We must begin our analysis by reviewing the applicable provisions of the Mississippi Rules of Civil Procedure.
¶ 5. The method of service utilized in the case at bar allows service:
4(d)(1)(A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service or process; or (B) if service under subparagraph (1)(A) of this subdivision can not be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.
M.R.C.P. 4(d)(1)(A). The comments to the rule specifically state that
[a] copy of the summons and complaint must thereafter be mailed (first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and complaint were left. Such "residence service" of a summons is not deemed complete until the 10th day after such mailing.

M.R.C.P. 4(d)(1)(A) cmt. (emphasis added). Thus, regardless of actual notice, service is not complete until ten days after such mailing. The Supreme Court in Williams v. Kilgore, 618 So.2d 51, 55 (Miss.1992), held that residence service by mere delivery *217 of the summons and complaint does not complete the service. The court went on to explain that:
M.R.C.P. 4(d)(1)(B) provides that when such service is made, it must be followed by the mailing of a copy of the documents by first class mail to the defendant at the residence where process was delivered. Service is only complete ten days after the mailing. Finding no evidence in the record to indicate that a copy of the summons and complaint was mailed to Dr. Berrong at his residence, we therefore hold that the circuit court did not err in finding that valid service had not been made upon him.
Id. Consequently, if a copy of the summons and complaint is not mailed then the time limit for service comes into play. The pertinent rule, M.R.C.P. 4(h), provides:
(h) Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
In other words, if service is not completed within 120 days of filing the complaint the plaintiff must show good cause why the service was not made or else the action shall be dismissed. The Supreme Court in Watters v. Stripling, 675 So.2d 1242, 1243 (Miss.1996), dismissed the case because of improper service of process. In Watters, the plaintiff filed the complaint and did not serve the defendant until after the amended complaint was filed, over a year after the original complaint was filed. Id. The court dismissed the action, holding that service was well after the 120-day period of the initial complaint and good cause was not shown. Id.
¶ 6. In the case at bar, the fact that the plaintiff ultimately completed service of process at some point before the hearing on the motion to dismiss is irrelevant because it is undisputed that service was completed by a follow up mailing after the 120-day time limit.
¶ 7. The court can dismiss the action on its own or the affected party can file a motion. How a motion to dismiss can be filed without constituting a general appearance is the main issue at hand. Mississippi Rule of Civil Procedure 12 addresses when motions can be and must be made, as well as when they are deemed waived. M.R.C.P. 12 provides in relevant part:
(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion;
. . . .
(4) Insufficiency of process,
(5) Insufficiency of service of process,
. . . .
No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56; however, if on such a motion matters outside the pleadings are not presented, and if the motion is granted, leave to amend shall *218 be granted in accordance with Rule 15(a).
M.R.C.P. 12(b) (emphasis added).
¶ 8. Thus, according to Rule 12(b) every defense except the defenses listed, which include insufficiency of process and insufficiency of service of process, must be made in the responsive pleading and the defenses listed in rule 12(b) may also be made by a motion. The rule goes on to state that no defense or objection is waived by being joined with other defenses or objection. Another critical subparagraph in Rule 12 explains when a motion or defense is waived.
(g) Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.
M.R.C.P. 12(g) (emphasis added). Basically, subparagraph (g) states that if a motion is made all other defenses or objections that can be raised by a motion that are then available to him must be joined or lost.
(h) Waiver or Preservation of Certain Defenses.
(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course....
M.R.C.P. 12(h) (emphasis added).
¶ 9. Since M.R.C.P. 4(h) provides that a party shall be dismissed from an action by the court or on a motion if the party is not served within 120 days unless good cause can be shown, the party which did not receive process is the party to have standing to make such a motion. The motion to be filed is M.R.C.P. 12(b)(4) or (5) and M.R.C.P. 12(h) provides that "such a motion can be filed before or concurrently with other initial motions or responsive pleadings, but not after the filing of the initial responsive pleadings as such would constitute a waiver." Rains v. Gardner, 731 So.2d 1192, 1195 (Miss.1999).
¶ 10. Thus, as previously decided by the Mississippi Supreme Court, a moving party has a choice of making a M.R.C.P. 4(h) objection to process by filing: a M.R.C.P. 12(b)(4) or (5) motion prior to filing a responsive pleading; by asserting other general affirmative defenses; or by filing them simultaneously therewith. Rule 12(b) explicitly states that the insufficiency of process defense is only waived if the answer or affirmative defenses are filed omitting the defense. In the case at bar, the issue was raised in Senholtz's initial responsive pleading. The issue was properly and timely pled, and we therefore affirm the lower court's ruling dismissing this complaint.
¶ 11. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.