## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 2001-CA-00570-SCT

*CHARLES R. WEBSTER, JR.*

*v.*

*JEAN LALA WEBSTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/13/2001 |
| TRIAL JUDGE: | HON. J. N. RANDALL, JR. |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | CLEMENT S. BENVENUTTI |
| ATTORNEY FOR APPELLEE: | WILLIAM W. DREHER, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 10/17/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. This appeal presents the issue of what is considered to be "good cause" for failure to serve process within 120 days. We find that the plaintiff did not show good cause for failure to effect service of process within 120 days under Mississippi Rule of Civil Procedure 4(h)[1] and that the chancellor abused his discretion by failing to dismiss the complaint.

### FACTS AND PROCEDURAL HISTORY

¶2. Jean Lala Webster filed a complaint of divorce in the Chancery Court of Hancock County against Charles R. Webster, Jr., alleging that he had deserted her by leaving the marital home, emptying the joint checking account, allowing the marital home to be foreclosed upon, her automobile to be repossessed, and the household goods to be auctioned off, dropping her from his health insurance, and leaving the state. She also alleged that even though Charles had obtained a divorce decree against her in Texas, she had never been a resident of Texas and Texas did not have personal jurisdiction over her.

¶3. Jean's complaint for divorce was filed on October 5, 1999, and, on that same date, summons was issued to Jean's attorney. Service on Charles by certified mail was attempted three times in October of 1999, but was returned marked "unclaimed." The address on the certified envelope was that of 537 Pritchett Road, Red Oak, Texas, the residence of Charles's father. On February 8, 2000, a motion to allow out of time service was filed and granted. The motion stated that Charles had intentionally avoided service of process, but there was no affidavit attached to the motion to support this allegation. Based upon this

motion, the chancery court specifically found that good cause existed for failure to serve process in accordance with Rule 4(h). One hundred twenty additional days were granted to Jean for service of process. In an attempt to locate Charles, on February 29, 2000, a subpoena directed to Charles's employer, Southern Towing, was issued to Jean's attorney. On June 21, 2000, outside the 120-day extension given by the chancery court, an amended complaint was filed and summons issued. Charles was served by certified mail on July 3, 2000, at the address shown on the Texas divorce decree. Charles moved to dismiss Jean's complaint for divorce for failure to comply with Rule 4(h). A hearing was held in which testimony was given pertaining to Charles's attempts to avoid process. The chancery court specifically found that Charles had intentionally avoided service of process of Jean's complaint for divorce and that these acts constituted good cause to excuse Jean's failure to serve him with process within 120 days pursuant to M.R.C.P. 4(h). The chancery court ordered that Charles pay alimony to Jean in the amount of $2,000 per month, that Jean have ownership of all personal property in her possession, that Charles give Jean one-half of an IRA, and that Charles pay all costs of court and attorney's fees.[(2)]

## DISCUSSION

### I. WHETHER JEAN'S COMPLAINT FOR DIVORCE SHOULD HAVE BEEN DISMISSED FOR FAILURE TO COMPLY WITH M.R.C.P. 4(h).

¶4. Mississippi Rule of Civil Procedure 4(h) mandates that a complaint be dismissed if service of process is not effected within 120 days of the filing of the complaint *and* good cause cannot be shown for failure to do so. The rule has been interpreted to provide that "a plaintiff must serve a defendant with process within 120 days *or* show good cause why service was not made." *Watters v. Stripling*, 675 So. 2d 1242, 1243 (Miss. 1996) (emphasis added). The rule has also been interpreted to require that, if the defendant is not served within 120 days, the plaintiff must either refile the complaint before the statute of limitations ends or show good cause; otherwise, dismissal is proper. *Id.* at 1244. "To establish 'good cause' the plaintiff must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (quoting *Systems Signs Supplies v. U. S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (cited favorably in *Bang v. Pittman*, 749 So. 2d 47, 51 (Miss. 1999), and *Watters*, 675 So. 2d at 1243).

¶5. A determination of good cause is a discretionary ruling by the trial court and is entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination. *Bang,* 749 So. 2d at 51; *Rains v. Gardner*, 731 So. 2d 1192, 1197 (Miss. 1999).

¶6. The chronology of events in the case sub judice is as follows:

| DATE | ACTION |
| --- | --- |
| June 1, 1998 | Charles vacates marital domicile |
| June 28, 1999 | Charles's complaint for divorce (showing Cedar Hill address) filed in Texas |
| October 5, 1999 | Jean's complaint for divorce filed in Mississippi |
| October 19, 1999 | Jean served with Charles's complaint for divorce |
| October, 1999 | Three attempts made to serve Charles with process at Red Oak address |
| February 2, 2000 | First 120-day period elapses |
| February 8, 2000 | Motion for additional time in which to serve Charles filed |
| February 8, 2000 | Order granting motion for additional time entered, allowing 120 additional days in which to effect service of process |
| February 29, 2000 | Subpoena issued to Charles's employer |
| April 4, 2000 | Divorce, Dallas County, Texas |
| June 7, 2000 | Second 120-day period elapses |
| June 21, 2000 | Amended complaint filed |
| July 3, 2000 | Service of process of amended complaint on Charles at Cedar Hill address |
| October 30, 2000 | Hancock County, Mississippi, judgment on alimony, one-half (1/2) of IRA, court costs, attorney fees, and the award of personal property in Jean's possession |
| March 20, 2001 | Judgment denying M.R.C.P. 60 motion filed by Charles |

¶7. Citing *Collom v. Senholtz*, 767 So. 2d 215 (Miss. Ct. App. 2000), Charles contends that, under Mississippi law, a motion for additional time in which to effect service of process which is filed after the 120-day period has elapsed will be denied and the complaint will be dismissed under Rule 4(h). A close reading of *Collom*, however, shows that motions for additional time in which to effect service of process were not addressed by the Court of Appeals.

¶8. Rule 4(h) does not require that a motion for additional time for service of process be filed within 120 days of the filing of the complaint. Arkansas and New York's rules of civil procedure mandate that a motion for additional time be filed within the 120-day period. *See, e.g., **Weymouth v. Chism***, 55 S.W.3d 307 (Ark. 2001); ***Norstar Bank of Upstate New York v. Wittbrodt***, 594 N.Y.S.2d 115 (N.Y. Sup. Ct. 1993). Arkansas's counterpart to Rule 4(h) specifically provides, "If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause." Ark. R. Civ. P. 4(i). New York's rule is similar. Therefore, if the drafters of our rules of civil

procedure wished to require that motions for additional time in which to serve process be filed within the 120 days, they could have done so.

¶9. Jean did not file her motion for additional time until *after* 120 days after the filing of the complaint had elapsed. Even though Jean finally did effect service of process on Charles on July 3, 2000, this date was outside the second 120-day period granted by the chancery court, and Jean never filed a second motion for additional time within the second 120-day period or after the second 120-day period had elapsed.[(3)]

¶10. Our rule states that if the 120-day period has elapsed without effecting service of process, "the action shall be dismissed . . . upon the court's own initiative with notice to such party or upon motion." M.R.C.P. 4(h). The comments state that the complaint will be dismissed "unless good cause can be shown as to why service could not be made." The rule therefore provides that *the plaintiff will have an opportunity to show good cause after the 120-day period has elapsed.* Why else does Rule 4(h) require that notice be given to the plaintiff before the court can dismiss the complaint? The requirement of notice being given contemplates a response to the notice. A motion for additional time[(4)] is an appropriate response to the notice.

¶11. Although we hold that a motion for additional time may be filed after the 120-day time period has expired, a diligent plaintiff should file such a motion within the 120-day time period. Such diligence would support an allegation that good cause exists for failure to serve process timely. Indeed, in ***Moore v. Boyd***, 799 So. 2d 133 (Miss. Ct. App. 2001), the Court of Appeals found that excusable neglect is a "very strict standard" and the plaintiff *should have* filed a motion for additional time within 120 days of filing the complaint.

¶12. At a hearing on Charles's motion to dismiss, testimony was given as to why service was not timely made. The chancellor found that Jean had shown good cause for failure to serve process in a timely manner because Charles avoided service. The record does not support this finding. Jean had Charles's correct address in Cedar Hill, Texas, all along -- the correct Cedar Hill address was noted in the first sentence of Charles's petition for divorce, with which she was served in October of 1999. Jean's only attempts to serve Charles were at the residence of Charles's father in Red Oak, Texas. These attempts were made during the first 120-day period. The only action Jean took during the second 120-day period was to issue a subpoena to Charles's employer. Attempts to serve someone at an incorrect address when in possession of the correct address and one solitary action during a four-month period of time (issuing a subpoena) does not constitute diligence; and therefore, Jean did not show good cause for failing to serve Charles timely.

## CONCLUSION

¶13. Because Jean did not show good cause for failing to serve Charles, the chancellor erred in denying Charles's motion to dismiss Jean's complaint for divorce. Therefore, we reverse the chancery court's judgment, and we render judgment dismissing Jean's complaint and this civil action without prejudice for failure to comply with M.R.C.P. 4(h).

¶14. **REVERSED AND RENDERED.**

**McRAE AND SMITH, P.JJ., EASLEY AND CARLSON, JJ., CONCUR. PITTMAN, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY COBB, DIAZ AND GRAVES, JJ.**

**PITTMAN, CHIEF JUSTICE, DISSENTING:**

¶15. I disagree with the majority's decision to reverse and render this case. Therefore, I must respectfully dissent. Rule 4(h) of the Mississippi Rules of Civil Procedure provides:

> *If* a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint *and the party on whose behalf such service was required cannot show good cause why such service was not made within that period*; the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

M.R.C.P. 4(h) (emphasis added). The determination of whether "good cause" exists is a "discretionary ruling on the part of the trial court and entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." *LeBlanc v. Allstate Ins. Co.*, 809 So. 2d 674, 676 (Miss. 2002) (quoting *Rains v. Gardner*, 731 So.2d 1192, 1196 (Miss.1999)).

¶16. The chancellor took into account the italicized portion of this rule in his opinion when he discussed the law on Charles Webster's motion for relief from judgment. The opinion stated with no uncertainty that the facts here are distinguished from other cases which have been dismissed for lack of service of process because the chancellor found that good cause existed for lack of service:

> Our case is easily distinguishable, for our Court properly found that Charles' avoidance tactics, with the help of his family, friends and employer, was in fact a showing of good cause for the delay. Without wasting any more time on the point, the first prong of the attack [on the judgment] is devoid of merit.

¶17. As the chancellor noted, the plain text of the rule does not automatically dismiss complaints which have not been served within 120 days. Furthermore, there is evidence in the record that Jean Webster diligently, although with admittedly poor direction, sought to serve Charles with divorce papers. Since the chancellor found that good cause existed why Jean was incapable of serving process, namely the efforts by Charles and his family to avoid process, the case properly remained active when service was finally completed upon him. Therefore, I would uphold the chancellor's ruling that good cause existed to avoid dismissal of the complaint in this case.

¶18. An uncontested divorce does not require the presence of the defendant, only proof of the grounds for divorce. *See* Miss. Code Ann. § 93-5-7 (1994); *Lindsey v. Lindsey*, 818 So. 2d 1191, 1194 (Miss. 2002). There is no statute of limitations for divorce decrees. Rule 4(h), according to its own terms, was designed so that a trial court may maintain control of its docket by dismissing stagnant complaints without notice, and thereby ensure timely service by the parties. As a practical matter, the majority today unnecessarily imposes the costs of relitigation of these issues upon Jean Webster after a full and uncontested hearing on this matter has been conducted. All she must do now is simply refile her complaint and face, once again, the screens and dodges of the man who was once her husband. If service can ever be made again, perhaps she will still be the only party interested in presenting evidence to the chancellor as proof for the divorce. In my opinion, this second trial and all the expense associated with it are not the results this Court should now reach. I would affirm the chancellor's decision as it was not an abuse of discretion.

**COBB, DIAZ AND GRAVES, JJ., JOIN THIS OPINION.**

1. M..R.C.P. 4(h) provides that "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

2. Charles filed a motion for relief from judgment in which he raised issues of full faith and credit and res judicata. We will not address these issues because we find that Jean did not show good cause for failure to serve timely the complaint and that the complaint should be dismissed.

3. The filing of an amended complaint does not give a plaintiff an additional 120 days in which to effect service of process. *Watters*, 675 So. 2d at 1243.

4. Such a motion should be supported by evidence (in the form of affidavits or documents) upon which a court can make a determination of whether good cause exists for failing to serve process in a timely manner. *Bang*, 749 So. 2d at 52.