CARLSON, Presiding Justice,
Dissenting:
¶ 25. Because the majority affirms the learned chancellor’s denial of Jenkins’s “Rule 12(b) Motion to Quash Process and Dismiss,” I respectfully dissent.
¶ 26. Jenkins asserts that the chancellor erred as a matter of law in denying his motion to dismiss Oswald’s complaint for failing to comply with the 120-day deadline imposed by Mississippi Rule of Civil Procedure 4(h). He asserts that the chan *752 cellor’s finding of “good cause” and “diligence” is not supported by substantial evidence. I agree with Jenkins.
¶ 27. Denial of a motion to dismiss a complaint for failure to serve process within 120 days of its filing presents a question of law, which this Court reviews de novo. Bacon-Dalloz Safety, Inc. v. Hall, 938 So.2d 820, 822 (Miss.2006) (citation omitted). Without question, a trial court’s factual determination as to whether good cause exists is a discretionary ruling, entitled' to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination. LeBlanc v. Allstate Ins. Co., 809 So.2d 674, 676 (Miss.2002) (citing Rains v. Gardner, 731 So.2d 1192, 1198 (Miss.1999) (citations omitted)). “The plaintiff bears the burden of establishing good cause.” Holmes v. Coast Transit Authority, 815 So.2d 1183, 1185 (Miss.2002).
¶ 28. Rule 4(h) of the Mississippi Rules of Civil Procedure states:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
Miss. R. Civ. P. 4(h).
¶ 29. There is no bright-line test for determining whether a plaintiff has met the burden of establishing “good cause” for failure to comply with the 120-day deadline. As a standard, though, “good cause” has been deemed by this Court to be a strict one. Crumpton v. Hegwood, 740 So.2d 292, 294 (Miss.1999) (citations omitted). Likewise, for purposes of Rule 4(h), the standard demands a showing of diligent effort on the part of plaintiffs. Foss v. Williams, 993 So.2d 378, 379 (Miss.2008) (citing Montgomery v. SmithKline Beecham Corp., 910 So.2d 541, 546 (Miss.2005)).
¶ 30. The chancellor concluded that Oswald had established good cause by a showing of reasonable diligence in her attempts to locate and serve Jenkins, who was found not to have had an easily ascertainable address. Her ruling rested on a factual determination, based primarily on a credibility finding, established through the parties’ respective testimony. Undoubtedly, weight and credibility assessments given to testimony as evidence are for the chancellor sitting as trier of fact. Lorenz v. Strait, 987 So.2d 427, 430 (Miss.2008) (citation omitted). However, while this Court on appeal should afford appropriate deference to a chancellor’s discretionary fact-finding, such discretion, in my opinion, is not unfettered. Oswald’s reason for failing to meet the 120-day time limit set forth by Rule 4(h) was her inability to locate and serve Jenkins with the alias summons issued in 2002, thereby alluding that Jenkins was evading service of process. Although this type of conduct on the part of a defendant may constitute a good-cause basis for a plaintiffs failure to meet the 120-day deadline, the burden rests with the plaintiff to demonstrate as much. Holmes, 815 So.2d at 1185.
¶ 31. Apart from her testimony, the only additional evidence furnished by Oswald in support of her “good cause” was the 352 — 44a form from USPS exhibited to show Jenkins had changed his Madison mailing address to an address in Florida. Oswald claimed that she, or someone from the law office where she worked, hired a Florida process server to personally serve Jenkins at that address. Yet, without reasonable explanation, Oswald failed to pro *753 duce any kind of documentation to corroborate that effort.
¶ 32. Further, notification by Jenkins to the post office that he was changing his addri ss, without more, does not advance an inference to a fair conclusion that he was evading service of process; especially, when viewed under the scope of Rule 4. See Miss. R. Civ. P. 4. Personal service, under Rule 4(c)(1), was but one option Oswald had available to her under the rule. Upon obtaining proof-in-hand that Jenkins had taken residence in Florida, pursuant to Rule 4(c)(5), Oswald also could have attempted service by certified mail. An “unclaimed” envelope, properly marked “restricted delivery,” produced alongside the 352^14a form, would have at least supported an inference that Jenkins was attempting to avoid process. The record simply does not support a conclusion that Jenkins was actively avoiding service of process.
¶ 33. I also find it troubling that at no time did Oswald file a motion for extension of time to serve process on Jenkins. “Such diligence would support an allegation that good cause exists for failure to serve process timely.” Webster v. Webster, 834 So.2d 26, 29 (Miss.2002). Instead, Oswald chose simply to overlook or possibly ignore the guidance of the Mississippi Rules of Civil Procedure and this Court. As this Court has stated, “[Ejxcusable neglect is a ‘very strict standard’ and the plaintiff should have filed a motion for additional time within 120 days of filing the complaint.” Id. (quoting Moore v. Boyd, 799 So.2d 133 (Miss.Ct.App.2001)). In my opinion, we should again reiterate to our trial bench and bar that, although a motion for extension of time is not required, it is definitely preferred.
¶ 34. Also, much is made in Oswald’s brief regarding the fact that Jenkins failed to timely renew his driver’s license upon returning to Mississippi. The record is inconclusive as to when Jenkins reobtained a Mississippi driver’s license. Jenkins very well may have purposely delayed doing so in order to impede Oswald’s efforts; or, although he admitted to not obtaining a Mississippi driver’s license within thirty days, he may actually have met the sixty-day requirement set forth by Mississippi Code Annotated Section 63-l-7(b); or, he may simply have been derelict in failing to comply with this statute. Personally, I am left to nothing but speculation on this point, but in the end, to me it is of no moment. The due diligence contemplated by Rule 4(h) lies solely with the plaintiff. Moreover, as with the USPS 352-44a form, Oswald could have used the fact that Jenkins had a Florida driver’s license to attempt service of process by the additional options provided to her under Rule 4.
¶ 35. I likewise see no reason to address all the events which occurred throughout the 1,638-day period between the filing of the complaint and the eventual service upon Jenkins, because, in my opinion, Oswald failed to show that she proceeded with reasonable diligence during the first 120 days. Thus, I conclude that Oswald failed in her burden to establish good cause for not serving process within the 120-day deadline set forth by Rule 4(h).
¶ 36. With this being said, I find that the chancellor erred as a matter of law in denying Jenkins’s motion to dismiss. Because the majority finds otherwise, I dissent.
WALLER, C.J., DICKINSON AND CHANDLER, JJ., JOIN THIS OPINION.