FAIR, J.,
for the Court:
¶ 1. Ten-year-old Devin Herron and his parents, Donald Herron and Melissa Yar-brough, of Jefferson Parish, Louisiana, (the “Guests”) sued for their “wrongful eviction” from the Days Inn Hotel in Picayune on September 2, 2005, and for damages for torts committed when Melissa Yarbrough was assaulted with a knife, battered, and defamed in the process of the eviction. From a judgment dismissing their claims for failure to obtain timely process, the Guests appeal. We affirm because the trial court correctly found no good cause for further extensions of time to serve process.
FACTS
¶ 2. The issues before us are purely procedural and jurisdictional. They center on the trial court’s determination of failure to comply with Mississippi Rule of Civil Procedure 4(h), the “120 day rule” for serving process.
¶ 3. The Guests filed a pro se “Petition for Damages” on September 1, 2006. They included as defendants Hiti Investments LLC d/b/a Days Inn Hotel and Union Insurance Company. The Guests directed that'the clerk “please hold service” of process, and none was issued by the clerk. On December 15, 2006, now represented by counsel, the Guests filed an amended complaint adding three members of Hiti Investments LLC (“the LLC”) as defendants, one of which was its registered agent.
¶ 4. Shortly after filing the amended complaint, the Guests mailed, certified, a copy of the petition and summons to two of the three individual, named defendants, who were alleged to be residents of Louisiana. The mailings were returned “unclaimed” and were ultimately filed in the court record. On February 5, 2007, the Guests filed a motion seeking 180 days’ additional time to obtain service on the LLC and Tien M. Nguyen, its registered agent, who had an address in Biloxi. The motion for time recites the registered agent’s address “no longer exists due to Hurricane Katrina.” No ruling on the motion appears of record.
¶ 5. On September 2, 2009, the Guests moved for entry of default and for a default judgment based on the now two-and-a-half-year-old mailings. Default was entered by the clerk on the same day, but no judgment was taken. Another year passed. On October 1, 2010, the Guests again moved for additional time to serve process. This time, the trial court responded, entering an order giving them an additional 120 days. ' Another motion for time was filed on February 4, 2011, and a similar order was entered on February 8, 2011, but only for 60 more days.
¶ 6. The Guests finally perfected service on the, LLC by way of the Mississippi Secretary of State. The Secretary of State then mailed copies of the summons and complaint to the registered agent’s listed address, the same address known to the Guests since filing their amended complaint. The mailing was delivered to the registered agent at a different address nearby, apparently on the initiative of the local postman. Process was effectively served on the LLC on March 23, 2011.
¶ 7. Following service, the LLC defendant appeared through counsel and moved to set aside the 2010 and 2011 orders allowing additional time for service of process and for dismissal of the case. After a hearing, the trial court entered a ten-page order of dismissal. The order set out a detailed chronology of events beginning with the formation of the LLC in 1999 and ending with the Secretary of State’s service described above. Citing Bloodgood v. Leatherwood, 25 So.3d 1047, 1050 (Miss. *1273 2010), the circuit court found that service is not effective service under Mississippi Rule of Civil Procedure 4(c)(5) when a mailing is returned “unclaimed” and that the five-year-old entry of default based on unclaimed mailings to the individual defendants was not proper. The court further set aside the order granting the final 60-day extension of time to serve process on the LLC, finding that although there had been good cause for some extension of time due to Hurricane Katrina, there had been nothing to warrant the final extension. The trial court therefore dismissed the case under Rule 4(h) for failure to timely effect service of process on any of the defendants. The Guests appeal from that judgment.
DISCUSSION
¶ 8. The Guests enumerate four issues in their brief on appeal,[1] but the argument is cursory, consisting of only two pages divided between the summary of the argument and the argument itself. After reviewing the Guests’ brief in its entirety, we think the actual issues presented are as follows:
1. Whether good cause existed for the Guests’ failure to serve process within the time allowed.
2. Whether the trial court erred in finding no valid service of process on the two LLC members from Louisiana whose process by mail was returned “unclaimed.”
3. Whether the trial court erred in dismissing the case for failure to serve process, if the statute of limitations for some of the Guests’ causes of action had not yet run.
4.Whether the trial court erred in finding that a one-year statute of limitations applies to the Guests’ claims.
We shall address each of these in turn.
1. Good Cause
¶ 9. Mississippi Rule of Civil Procedure 4(h) requires “that a plaintiff must serve a defendant with process within 120 days or show good cause why service was not made.” Webster v. Webster, 834 So.2d 26, 27 (¶ 4) (Miss.2002) (citation and emphasis omitted). The trial court’s October 7, 2010 order granting 120 additional days for process has not been challenged on appeal; the issue is whether the court erred in finding no good cause for a final, 60-day extension of time to serve process.
¶ 10. “A determination of good cause is a discretionary ruling by the trial court and is entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination.” Id. at 28 (¶ 5).
¶ 11. About one year before this lawsuit was filed, the physical address of the LLC’s registered agent was destroyed by Hurricane Katrina. The agent never returned to that address, but the LLC failed to update the agent’s contact information on file with the Secretary of State. Since process on an LLC is ordinarily served on the registered agent, the Guests contend that they have good cause for their failure to serve process on the LLC defendant. Supporting this contention are the facts that the Guests filed their original complaint pro se and changed attorneys at least once through the course of the litigation. The trial court agreed that there *1274 was good cause for some delay in service of process, but it found nothing sufficient to grant the final extension, which was requested more than four years after the complaint was filed. Otherwise, the record reflects little effort by the Guests to serve process on the LLC. By February 2007 they had determined that the registered agent’s address no longer existed. Yet the Guests took no action until February 2011, four years later, when a process server returned to that location to find the same thing. So far as we can tell, the Guests did nothing else to attempt to serve the LLC during the entire four-year period.
¶ 12. The Mississippi Supreme Court has explained:
[Gjood cause is likely (but not always) to be found when the plaintiffs failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.
Holmes v. Coast Transit Auth., 815 So.2d 1183, 1186 (¶ 12) (Miss.2002) (quoting 4B Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1137 (3d ed.2000)). “[A]t a minimum, a plaintiff attempting to establish good cause must show at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.” Id. at (¶ 11) (quotations omitted).
¶ 13. It is uncontested that the LLC failed to maintain an address for its registered agent. However, that did not prevent the LLC from being served. In 2007, section 79-29-111(2) of the Mississippi Code Annotated provided in relevant part: “If a limited liability company has no registered agent, or the agent cannot with reasonable diligence be served, service of legal process against the limited liability company shall be upon the Secretary of State in accordance with the Rules of Civil Procedure of this state.” At all relevant times this method of service was available to the Guests.[2]
¶ 14. “[S]imple inadvertence!,] mistake of counsel!,] or ignorance of the rules” does not constitute good cause for failure to perfect service of process. Holmes, 815 So.2d at 1186 (¶ 11). We find no abuse of the trial court’s discretion. This issue is without merit.
2. Service of Process on the LLC Members
¶ 15. This issue concerns the two LLC members the Guests attempted to serve by mail, which was returned “unclaimed.” The Guests acknowledge that under Mississippi law, as articulated in Bloodgood v. Leatherwood, 25 So.3d 1047, 1050-51 (¶ 16) (Miss.2010), service by mail returned “unclaimed” is ineffective. The Guests contend, however, that it is unfair to apply that rule to their case because the attempts to serve process occurred in late 2006, well before Bloodgood was decided. We do not agree.
¶ 16. The issue in Bloodgood was the sufficiency of service by mail returned with the dual designation “Unclaimed/Re *1275 fused.” Mississippi Rule of Civil Procedure 4(f) states in relevant part:
If service is made [by certified mail on a person outside the state], the return shall be made by the sender’s filing with the court the return receipt or the returned envelope marked “Refused.”
See also M.R.C.P. 4(c)(5). The supreme court pointed out that “unclaimed” and “refused” had always been distinct under Mississippi law, with refused being effective service and unclaimed not. See Bloodgood, 25 So.3d at 1051 (¶ 16). Thus, it is clear from the plain language of Rule 4(f) and the Bloodgood decision that our law has never considered “unclaimed” returns to be sufficient. The reason for this is obvious:
A return envelope marked “refused,” as required by Rule 4(c)(5), denotes that the Postal Service actually attempted delivery on the defendant, who refused to accept it. A returned envelope marked “unclaimed” simply means that the Postal Service was unsuccessful in delivering the mailing to the defendant, whether because delivery was attempted at the wrong address, the defendant simply was not home at the time the Postal Service attempted delivery, or some other reason.
Id. at 1050 (¶ 15). The supreme court had, on more than one occasion, presupposed that unclaimed returns are ineffective. See, e.g., Webster v. Webster, 834 So.2d 26, 27 (¶ 3) (Miss.2002); Young v. Huron Smith Oil Co., 564 So.2d 36, 37 (Miss. 1990). Moreover, as a rule, appellate decisions are applied retroactively unless specifically stated to be prospective. Cleveland v. Mann, 942 So.2d 108, 113 (¶ 11) (Miss.2006).
¶ 17. Bloodgood may have been the first Mississippi Supreme Court decision to expressly state that an unclaimed return is insufficient to effect service of process, but that holding was readily apparent from the plain language of the rule. It is not clear why the Guests believe they are entitled to relief based on the alleged unfairness of applying Bloodgood to this case, but we need not explore the issue further because we do not find any unfairness. This issue is without merit.
3. Dismissal
¶ 18. The Guests contend the case should not have been dismissed because the statute of limitations had not run on some of their claims that are founded in negligence. However, because the trial court dismissed the case without prejudice under Rule 4(h) for failure to timely serve process, the statute of limitations is not relevant. See Watters v. Stripling, 675 So.2d 1242, 1244 (Miss.1996). We find no error in the circuit court’s dismissal.
4. Statute of Limitations
¶ 19. The trial court, in its order, specifically held that the Guests’ claim for “wrongful eviction” was subject to the one-year statute of limitations provided by Mississippi Code Annotated section 15-1-35 (Rev.2012). The Guests contend some of their claims are rooted in contract or negligence and a three-year statute of limitations applies.
¶ 20. A decision on the statute of limitations was not necessary to the trial court’s judgment, as the statute of limitations is irrelevant in deciding whether to dismiss under Rule 4(h). See Watters, 675 So.2d 1242. Rule 4(h) dismissals must be without prejudice irrespective of whether the statute has run. See Parmley v. Pringle, 976 So.2d 422, 425 (¶ 10) (Miss.Ct.App.2008). We addressed a similar situation in Stringer v. American Bankers Insurance Co. of Florida, 822 So.2d 1011, 1014 (¶11) (Miss.Ct.App.2002). This Court held:
*1276 It is entirely possible that consideration of the futility of dismissing in a manner that would permit the refiling of the suit a substantial number of years after the limitation period would have expired led the circuit court to dismiss with prejudice. If, in fact, the trial court had ever acquired jurisdiction over [the defendant], such a ruling might be appropriate in the interest of judicial economy. Nevertheless, in this situation where jurisdiction over the defendant has never been obtained, it remained beyond the court’s authority to rule on an issue that reaches to the viability of the claim itself. An affirmative defense such as the statute of limitations can only be raised by a party properly before the court — a postee in which [the defendant] has not found itself since the inception of this proceeding nearly ten years ago.
¶ 21. Stringer is instructive on the point that the trial court should not have proceeded to address the viability of the underlying claim. We therefore vacate the trial court’s decision to the extent it decides the statute of limitations applicable to the Guests’ claim. The judgment is otherwise affirmed.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED AS MODIFIED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ, CONCUR.

. It is difficult to pin down the issues precisely because of the Guests’ brevity and failure to present a proper statement distinctly identifying the issues on appeal, as required by Mississippi Rule of Appellate Procedure 28(a)(3). The appellants’ statement of the issues is just a list of facts and actions by the lower court. For example, issue four reads: "Hiti has had no proper address for its registered agent since Hurricane Katrina.”

. In 2011, section 79-29-111 was repealed and replaced with section 79-29-125, which provided for substantially the same form of service. As of January 1, 2013, section 79-29-125 has also been repealed and replaced with a similar but more involved process. See Miss.Code Ann. § 79-35-13 (West 2013).