# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CT-00906-SCT

*HAZEL RAINS*

*v.*

*GINGER GARDNER AND TINA CLARK*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 8/17/95 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WAYNE HYNUM |
| ATTORNEY FOR APPELLEES: | ARLO TEMPLE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 1/28/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**EN BANC.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. Hazel Rains filed a personal injury action against Ginger Gardner and Tina Clark on a premises liability and negligence theory. At the request of counsel for Rains, no process was issued until 6 months later, and then only for Gardner. Upon being served, Gardner filed a motion to dismiss for improper process (more than 120 days between filing of complaint and service of process) under M.R.C.P. 4(h) alleging that the cause of action was not filed within the period prescribed by the statute of limitations. At the hearing on the motion to dismiss, Gardner's counsel pointed out that M.R.C.P. 4(h) would apply to both defendants even though Clark had not been served nor did he represent Clark. The trial court granted Gardner's motion and dismissed Clark on its own motion.

¶2. On appeal, Rains asserted that by filing an answer, as well as the motion to dismiss, Gardner had entered a general appearance and thereby waived any objection to jurisdiction or process under *Hurst v. Southwest Mississippi Legal Services Corp.*, 610 So.2d 374, 387 (Miss. 1992). Rains also argued that by asserting the dismissal for Clark, Gardner's attorney, in effect, also entered an appearance on her behalf and thereby also waived her objection to insufficient process. In its original unpublished opinion, the Court of Appeals strictly construed the *Hurst* decision and reversed the trial court as to the dismissal of Gardner, and remanded the matter for trial, but found the dismissal of Clark to be proper. However, the Court of Appeals granted Gardner's Motion for Rehearing and reversed its earlier decision in a published decision in

which the Court of Appeals affirmed the trial court's dismissal of both parties. ***Rains v. Gardner***, No. 95-CA-00906-COA. (Miss. April 21, 1998).

¶3. In its latter decision, the Court of Appeals' majority addressed the holding in ***Hurst***, but noted that ***Hurst*** is contrary to the provisions of M.R.C.P. 12. We affirm both the trial court and the Court of Appeals, and write this opinion to eliminate any apparent conflict between ***Hurst*** and the Mississippi Rules of Civil Procedure addressing the issue.

## FACTS

¶4. This case is before this Court on appeal from an order entered in the Circuit Court of Wayne County dismissing Hazel Rains' complaint filed against Ginger Gardner and Tina Clark. The order was appealed to the Court of Appeals which ultimately affirmed the dismissal by the Circuit Court.

¶5. Rains filed a personal injury action against Gardner and Clark, claiming that she fell because of a defect in a commercial parking lot owned by these two sisters. Rains charged that the defendants negligently failed to properly maintain their property. At the time suit was filed on January 13, 1995, three days before it would be barred by the three year statute of limitations, Rains's attorney requested that the clerk not issue process until directed to do so. On June 14, 1995, counsel finally asked that process issue to Gardner and she was served on June 19. There was never a request for process to issue to Clark.

¶6. Gardner appeared through counsel and moved to dismiss under Mississippi Rule of Civil Procedure 4(h). That rule provides that an action shall be dismissed on the court's own initiative or on motion if (a) service is not completed within 120 days after the complaint is filed and (b) the plaintiff "cannot show good cause why such service was not made within that period . . . ." M.R.C.P. 4(h). Gardner also asserted a statute of limitations defense in the same pleading. Subsequent to filing this motion, but prior to a hearing, Gardner filed a general answer and affirmative defenses in which she again asserted the M.R.C.P. 4(h) issue. The trial court conducted a hearing on the M.R.C.P. 4(h) issue and concluded that Rains had failed to demonstrate good cause for her failure to have process served on Gardner for a period well in excess of the 120 days set out in the rule. The court, therefore, dismissed the complaint as to Gardner under Rule 4(h).

¶7. During the course of the hearing on Gardner's motion, counsel for Gardner stated, "There are some differences in the facts which the Court will hear but we ask the Court to dismiss [the complaint] as to Ms. Clark also under the rule that I read. But it's the Court's duty to do that . . . ." When asked if he represented Clark, counsel replied, "I'm not representing to the Court that I represent anybody but Ms. Gardner, but Ms. Clark ought to also be dismissed. It's the Court's duty under this rule to do that." Rains claimed that these statements amounted to a voluntary appearance by Clark, thereby waiving the requirement of service of process on her. The trial court rejected that argument and dismissed the complaint as to Clark on its own motion under Rule 4(h). As to Gardner, the trial court specifically found that more than 120 days had passed since the filing of the complaint before service of process, that the plaintiff had failed to show good cause for the delay, and therefore the matter was dismissed without prejudice.

¶8. On appeal, the Court of Appeals issued its first opinion in unpublished form in October, 1997 in which it strictly applied the facts of this case to the holding in *Hurst, supra.* On Motion for Rehearing, the Court of Appeals reconsidered its ruling and issued a new opinion in published form in April, 1998, affirming the trial court's dismissal of both parties due to process not being served timely under M.R.C.P. 4(h).

## ANALYSIS

### I.

¶9. The issue presented for analysis is best phrased as *whether a party may make a special appearance to challenge the sufficiency of process while simultaneously raising issues constituting a general appearance, and if so, how can this be reconciled with this Court's previous holdings, specifically Hurst v. Southwest Mississippi Legal Services Corp., 610 So.2d 374, 387 (Miss. 1992).* [(1)]

¶10. Our analysis must begin with a review of the applicable provisions of the Mississippi Rules of Civil Procedure. M.R.C.P. 4(h)(emphasis added) provides:

> (h) Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party *or upon motion.*

M.R.C.P. 12 (emphasis added) provides in relevant part:

> (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> . . .
>
> (4) Insufficiency of process,
>
> (5) Insufficiency of service of process,
>
> . . .
>
> *No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.* If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56; however, if on such a motion matters outside the pleadings are not presented, and if the motion is granted, leave to amend shall be granted in accordance with Rule 15(a).

Furthermore, and critical to this analysis, Rule 12, subparagraphs (g) and (h)(emphasis added) provide that:

(g) Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

(h) Waiver or Preservation of Certain Defenses.

(1) A defense of lack of jurisdiction over the person, improper venue, *insufficiency of process, or insufficiency of service of process* is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule *nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.*. . .

¶11. M.R.C.P. 4(h) simply provides that a party shall be dismissed from an action if service is not had on that party within 120 days absent good cause shown. It further provides that this dismissal shall be *sua sponte* "or on motion." The last three words "or on motion" logically apply to the party upon whom process is not timely had. Such party is the only party to have standing to make such motion. The proper vehicle is a motion filed under the provisions of M.R.C.P. 12(b)(4) or (5). Furthermore, M.R.C.P. 12(h) provides that such a motion may be filed either before or concurrently with other initial motions or responsive pleadings, but not after the filing of the initial responsive pleadings as such would constitute a waiver.

¶12. The above analysis is in obvious conflict with *Hurst*. In that case, Ms. Burnett, the attorney who allegedly negligently represented her client, had moved out of state and process issued to her pursuant to the long arm statute had not been properly served. In affirming the trial court's denial of the motion, the Court said:

Southwest filed a motion on September 18, 1989, to dismiss Hilda Burnett as a party defendant for failure of the plaintiffs to properly serve Burnett with process. The motion also requested the court to quash the Secretary of State's attempted service of process. On September 20, Burnett filed a document styled:

JOINDER BY HILDA BURNETT, SPECIALLY APPEARING AND WITHOUT WAIVING ANY OF HER RIGHTS, IN THE MOTION TO DISMISS HILDA BURNETT AS A PARTY-DEFENDANT FILED BY DEFENDANT SOUTHWEST MISSISSIPPI LEGAL SERVICES

The trial court entered an order quashing the Hursts' attempted service of process on Burnett but did not grant the defendants' motion to dismiss Burnett as a party defendant. The case proceeded to trial in the October term of court with Burnett still named as a party defendant.

Southwest and Burnett insist that according to the style of Burnett's motion, she entered only a special appearance and did not appear for purposes of submitting herself to the general jurisdiction of the court. *However, Mississippi does not recognize "special appearances" except where a party appears solely to object to the court's jurisdiction over his person on grounds that he is not amenable to process. Mladinich v. Kohn, 250 Miss. 138, 156, 164 So.2d 785, 791 (1964).* Burnett's appearance does not fit that category. The trial court, therefore, properly deemed her to have appeared generally for all purposes.

> Southwest and Burnett argue that the trial court should have dismissed Burnett pursuant to MRCP Rule 4(h) despite any appearance she may have made. Rule 4(h) provides the following:
>
> Time limits of service.
>
> If a service of the summons and complaint is not made upon a defendant and complaint is not made upon a defendant within 120 days after the filing of the complaint and the parties on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
>
> Had Burnett not made a general appearance, Rule 4(h) would have mandated her dismissal because the Hursts have shown no good cause for their failure to serve Burnett within 120 days. One waives process and service, however, upon making a general appearance. See ***Arrow Food Distributors, Inc. v. Love,*** 361 So.2d 324 (Miss.1978), cert. denied, 439 U.S. 1073, 99 S.Ct. 845, 59 L.Ed.2d 39 (1979); ***Sandifer v. Sandifer,*** 237 Miss. 464, 115 So.2d 46 (1959). By appearing on September 20, 1989, Burnett subjected herself to the jurisdiction of the Pike County Circuit Court and waived all objections to improper or insufficient service of process.

*Hurst,* 610 So. 2d at 387(emphasis added).

¶13. This decision can not be reconciled with the provisions of M.R.C.P. 12 which specifically allows the consideration of such motions without waiver when made prior to or concurrently with initial responsive pleadings or affirmative defenses. After ***Hurst,*** the Court decided the case of ***Watters v. Stripling,*** 675 So.2d 1242 (Miss. 1996). In that case, we upheld a M.R.C.P. 4(h) dismissal of a medical malpractice action under facts very similar to this case. However, the issue of whether such a motion constituted a general appearance thereby waiving the issue was neither raised nor addressed. In ***Watters,*** the plaintiff's counsel filed a complaint alleging medical malpractice in circuit court shortly before the expiration of the statute of limitations, but instructed the clerk to "hold process". Over a year later, the plaintiff filed an amended complaint and process was issued and duly served. Less than two weeks later, Stripling, the defendant, filed a motion to quash the summons and dismiss the action without prejudice pursuant to the rule. The trial court granted the motion and Watters, the plaintiff appealed. We held that Rule 4(h) requires a dismissal without prejudice. We stated further that filing a complaint tolls the statute of limitations, but that, if service is not made upon the defendant within the 120-day service period of Rule 4(h), the clock begins to run again at the end of the 120 days and the fact that the action was then barred was of no consequence. ***Hurst*** and ***Watters*** are in direct conflict on this issue.

¶14. The Court of Appeals, duty bound to follow this Court's precedent, went to great lengths to factually distinguish the instant case from ***Hurst*** by saying that Burnett, the defendant in ***Hurst,*** belatedly asserted her M.R.C.P. 4(h) motion by stating that " . . .it appears that Burnett later sought to argue an alternate ground for dismissal after she had joined in Southwest's motion." Our reading of ***Hurst*** does not support this interpretation. However, to the extent that ***Hurst*** conflicts with our present M.R.C.P. 4 analysis, it is overruled.

*¶15.* However, neither ***Hurst*** nor ***Watters*** addressed the question of the effect of the simultaneous filing of other issues such as the statute of limitations. The Court of Appeals majority said that:

The *Hurst* decision does not address the question of simultaneously seeking Rule 4(h) dismissal and asserting another defense that concedes jurisdiction. . . . However, Mississippi Rule of Civil Procedure 12, dealing generally with the procedure for presenting defenses and objections to a claim, states that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." M.R.C.P. 12. We, therefore, hold that the joinder of the statute of limitations defense in the motion to dismiss for the untimeliness of the process under Rule 4(h) did not constitute a waiver of Gardner's right to pursue relief under Rule 4(h).

¶16. While this excerpt of M.R.C.P. 12(b) has some application, the issue is also squarely addressed and answered in M.R.C.P. 12(h)(emphasis added) which states:

(h) Waiver or Preservation of Certain Defenses.

(1) A defense of lack of jurisdiction over the person, improper venue, *insufficiency of process, or insufficiency of service of process* is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule *nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.*. . .

¶17. Therefore, a moving party has a choice of making a M.R.C.P. 4(h) objection to process by filing a M.R.C.P. 12(b)(4)or(5) motion prior to filing a responsive pleading; by asserting other general affirmative defenses; or by filing them simultaneously therewith. The M.R.C.P. 4(h) defense is waived only after the filing of an answer or affirmative defenses if the defense is not asserted prior to or simultaneously within the answer. The rule also provides that the issue may be raised in an amended answer filed with leave of court under M.R.C.P. 15. This is in accord with the federal rule cited by the Court of Appeals majority in *Kersh v. Derozier,* 851 F.2d 1509 (5th Cir. 1988). *See also **Leonard v. Stuart- James Co.,*** 742 F.Supp. 653 (N.D. Ga. 1990). In *Kersh*, the Fifth Circuit approved dismissal where the defense was raised only after the answer was filed. In the instant case, the issue was raised in Rains' initial pleading and then renewed in the subsequently filed answer and affirmative defenses. The issue was properly and timely pled.

## II.

¶18. Finally, the Petition for Writ of Certiorari asserts that the trial court erred in finding a lack of good cause for the delay in service of process. This factual issue is not addressed in the Court of Appeals' opinion, but was raised and argued in the appellate briefs. Such a determination of "good cause" would be a discretionary ruling on the part of the trial court and entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination.

¶19. In *In re Estate of Ware*, 573 So.2d 773 (Miss. 1990) while reviewing the denial by a trial court of a motion for additional time to perfect an Appeal under M.R.A.P. 4(g), the Court said:

[T]his Court has not specifically delineated the standard of review applicable in cases like the one sub judice. In general, federal circuit courts have noted that they must review district court decisions for evidence of an abuse of discretion. See, e.g., *Aloqaili,* 915 F.2d 1570 ( 1990 WL 155281, at 3) (citing *Baker v. Raulie*, 879 F.2d 1396 (6th Cir.1989) (per curiam)); *Cange v. Stotler & Co.,* 913 F.2d 1204, 1213 (7th Cir.1990). This may be an oversimplication. To the degree that a trial judge's decision to grant or deny a motion for an extension of time is based upon precept of law, the standard

for this Court's review shall be "plenary"; otherwise, this Court shall simply apply the abuse-of-discretion standard. See ***Vianello v. Pacifico***, 905 F.2d 699, 700 (3d Cir.1990). Which standard should apply is a decision to be made on an ad hoc basis. In the case sub judice, the chancellor did not base his decision on precept of law; therefore, this Court shall simply question whether the chancellor's rejection of Schmitt's request constituted an abuse of discretion.

*Id.* at 775-76 .

¶20. The primary reason asserted by Rains' counsel for failing to serve process was that he could not find a physical address for Gardner and Clark. The record shows, and the pleadings admit, that Rains' counsel had a post office box address for both parties well prior to the tolling of the 120 days; however, no attempt was made to serve by mail as provided in M.R.C.P. 4(c)(3). In fact, no process was even issued until more than 6 months after the filing of the complaint. Furthermore, at the hearing on this issue, Rains' only "proof" advanced on the issue was an affidavit by Rains' attorney which contained some hearsay, and, upon cross-examination of Rains' attorney by Gardner's counsel, proved to be somewhat misleading. It turns out that Gardner was a long-time employee and loan officer at a local bank in Waynesboro, Rains' hometown, and had waited on Rains a number of times in previous years making several loans to her. In support of her motion, Gardner also called additional witnesses to support her proposition that both she and her sister, Clark, were well known in the community, and by courthouse personnel and their physical addresses were readily obtainable from documents on file at the courthouse. Once the issue was raised, Rains had the burden of going forward and showing good cause. The only proof submitted by Rains, the affidavit of her attorney, was adequately rebutted by Gardner. The trial court had sufficient and substantial evidence before it to support the finding of lack of good cause in failing to timely serve process and this finding was not an abuse of discretion. Based on all of the foregoing, the trial court properly granted the motion to dismiss.

¶21. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH AND WALLER, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

1. This discussion will only address the dismissal of Gardner from the underlying suit. The Petition for Writ of Certiorari does not appear to challenge the propriety of the trial court's dismissal of Clark who was never served with process and the Court of Appeals' determination that the remarks of Gardner's counsel to the trial court did not constitute a "general appearance" on behalf of Clark. Therefore the dismissal of Clark will not be addressed and should stand as affirmed.