835 So.2d 110 (2003)
Keith A. MITCHELL, Appellant,
v.
Bridgett C. BROWN and State Farm Mutual Automobile Insurance Co. Biloxi, Mississippi, Appellees.
No. 2001-CA-01985-COA.
Court of Appeals of Mississippi.
January 21, 2003.
*111 Rocky Wayne Eaton, Mobile, AL, attorney for appellant.
Peter C. Abide, Joe Crawford Gewin, Biloxi, H. Benjamin Mullen, Pascagoula, attorneys for appellees.
Before KING, P.J., BRIDGES, and LEE, JJ.
KING, P.J., for the court.
¶ 1. This case involves the failure of the plaintiff to serve process upon the defendant within the 120 day time period prescribed by Rule 4(h) of the Mississippi Rules of Civil Procedure. Finding the trial court did not abuse its discretion in dismissing the matter on that basis, this Court affirms.

Facts
¶ 2. Keith Mitchell was injured in an automobile accident on December 11, 1997. As a result of injuries sustained in that accident, Mitchell filed a complaint in circuit court on December 8, 2000, against Bridgett Brown and others. On April 16, Brown moved to dismiss the complaint because she had not received timely service of process. On April 23, Brown was served. The trial court found that Mitchell had not served process upon Brown within 120 days, as required by Rule 4(h) of the Mississippi Rules of Civil Procedure, and accordingly dismissed the complaint.

Issues
¶ 3. Mitchell assigns the following issues on appeal:
I. Trial court error in granting Brown's motion to dismiss for Mitchell's failure to serve process on Brown within 120 days of filing the complaint; and
II. Trial court error in denying Mitchell's motion for additional time for service of process.

Resolution of the Issues
¶ 4. Mississippi Rule of Civil Procedure Rule 4(h)[1] requires that a summons be served upon a defendant within 120 days after a complaint has been filed. The parties agree that service of process was not achieved within 120 days of filing the complaint. The complaint was filed December 8, 2000. One hundred twenty days from that date was April 9, 2001. Process was served on April 23, 2001, approximately 133 days after the filing of Mitchell's complaint.
¶ 5. Rule 4(h) is intended to require plaintiffs to timely submit their claims to a court for appropriate judicial *112 review. Holmes v. Coast Transit Auth., 815 So.2d 1183(¶ 14) (Miss.2002). Exceptions to this requirement are only permitted upon a showing of good cause or excusable neglect. Moore ex rel. Moore v. Boyd, 799 So.2d 133(¶ 7) (Miss.Ct.App. 2001).
¶ 6. This Court reviews under an abuse of discretion standard a trial court's finding regarding the existence of good cause or excusable neglect. Rains v. Gardner, 731 So.2d 1192 (¶ 19) (Miss.1999). Where that ruling is supported by substantial evidence, this Court of necessity defers to the trial court's holding. Id. at (¶ 18).
¶ 7. Mitchell stated that the complaint was mailed to Brown's last known address. However, that address was obtained from the accident report, which was then about three years-old. There were no efforts to verify that this address remained valid.
¶ 8. The record indicates that Brown had not lived at that address for in excess of two years. Additionally, there is nothing contained in the record to suggest that Brown secreted herself or otherwise attempted to evade service of process.
¶ 9. Because of this, the trial court held that Mitchell failed to carry his burden of establishing good cause or excusable neglect. That decision is supported by substantial credible evidence, and is affirmed by this Court.
¶ 10. The time to serve process, may be extended, provided the extension is requested within the 120 day period. Moore v. Boyd, 799 So.2d 133(¶ 7) (Miss. Ct.App.2001). Mitchell filed his motion for an extension of time on June 29, 2001, well after the passage of the 120-day period. Therefore, the trial court appropriately denied Mitchell's request to extend the time for service of process.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.
NOTES
[1] M.R.C.P. 4(h) provides: Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.