# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00277-SCT

*AARON B. BENNETT*

*v.*

*REBECCA McCAFFREY*


| | |
|---|---|
| DATE OF JUDGMENT: | 01/24/2005 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | H. WESLEY WILLIAMS, III |
| ATTORNEY FOR APPELLEE: | REBECCA G. TAYLOR |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 06/29/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE COBB, P.J., CARLSON AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal arises from a four-vehicle accident which occurred on January 8, 2000, in Hancock County, Mississippi. Aaron B. Bennett (Bennett) filed a Motion to Dismiss the complaint of Rebecca McCaffrey (McCaffrey) because McCaffrey allegedly failed to show good cause as to why process was not served in a timely manner. Bennett further alleged that McCaffrey did not demonstrate excusable neglect to allow for additional time to serve process.

**FACTS AND PROCEDURAL HISTORY**

¶2.    On January 8, 2000, a four vehicle automobile accident occurred on Highway 603 in Hancock County, Mississippi. The first two cars were driven by Daniel E. Tucker (Tucker) and Walter F. Madeley (Madeley). Soon after Tucker and Madeley had collided, Bennett came upon the scene and ran into the two already wrecked vehicles. Thereafter, McCaffrey came upon the scene and also collided with the other three vehicles in the highway.

¶3.    On January 7, 2003, McCaffrey filed her complaint against Bennet, Tucker, Madeley, Phelps[1], and her insurance company, USF&G. On the same day, summonses were issued by the Hinds County Circuit Clerk. On March 11, 2003, a Hancock County Sheriff's Officer attempted to serve Bennett and learned that Bennett had moved or the address was incorrect. McCaffrey was only able to serve USF&G, her own insurance company, within the original 120 day time period[2]. On April 29, 2003, pursuant to a motion filed by McCaffrey, the circuit court granted a 60 day extension for service of process. On June 24, 2003, McCaffrey issued a subpoena on the Commissioner of Insurance in an effort to serve Bennett's insurer to obtain information on his whereabouts. On June 25, 2003, the Commissioner of Insurance forwarded the subpoena to Bennett's insurer. On June 30, 2003, McCaffrey attempted to serve Bennett by publication. On July 6, 2003, the first extension granted by the circuit court expired.

---

[1]Henry Phelps owned the car that Daniel E. Tucker was driving.

[2]May 7, 2003, was 120 days after the complaint was filed.

2

¶4.     On October 6, 2003, pursuant to a motion filed by McCaffrey, the circuit court granted an additional extension of time to serve Bennett. On October 22, 2003, Bennett was personally served. On November 6, 2003, Bennett filed a Motion to Dismiss with the Hinds County Circuit Court, pursuant to the Mississippi Rules of Civil Procedure 4(h), 12(b)(4), 12(b)(5), and 12(b)(6). On December 5, 2003, the second extension of time expired. On January 27, 2004, McCaffrey filed her response to Bennett's Motion to Dismiss. On February 4, 2004, Bennett filed his reply in support of his Motion to Dismiss.  The parties presented oral arguments on the Motion on February 19, 2004. On June 7, 2004, the circuit court denied Bennett's Motion to Dismiss. On January 24, 2005, Bennett filed his Petition for Certification for Interlocutory Appeal with the circuit court. The same day, the circuit court judge signed and entered an Amended Order Denying Defendant's Motion to Dismiss and Plaintiff's Motion for Default and Denying Certification for Interlocutory Appeal. On February 7, 2005, Bennett filed his Petition for Interlocutory Appeal with this Court. On March 9, 2005, this Court granted Bennett's Petition for Interlocutory Appeal. However, McCaffrey argues that Bennett is not entitled to an interlocutory appeal because Bennett failed to seek timely certification for his interlocutory appeal from the circuit court. Furthermore, on interlocutory appeal, Bennett this court with two issues:

I.      Did the Circuit Court err in denying defendant's motion to dismiss because the plaintiff failed to show good cause as to why process was not served within the time allowed by Rule 4(h) and the extensions granted by the Circuit Court?

II.     Did the Circuit Court err in denying the defendant's motion to dismiss

3

because the plaintiff did not demonstrate excusable neglect to allow for additional time to serve process, where said request on October 6, 2003 was made ninety-two (92) days after the expiration of the first time extension?

## DISCUSSION

### Whether Bennett fail to seek timely certification for his interlocutory appeal from the circuit court.

¶5.     McCaffrey makes the argument that Bennett failed to timely seek certification for his interlocutory appeal from the circuit court.  Specifically, McCaffrey states that the circuit court entered an order denying Bennett's Motion to Dismiss on June 7, 2004. McCaffrey further argues, it was not until January 24, 2005, that Bennett filed his Petition for Certification for Interlocutory Appeal with the circuit court seeking to appeal the circuit court's June 7, 2004 ruling. McCaffrey's position is that Bennett had fourteen days from the circuit court's denial of his Motion to Dismiss in which to file his petition for certification with the circuit court and he did not do so.  Bennett correctly argues that because the Amended Order Denying Defendant's Motion to Dismiss and Plaintiff's Motion for Default and Denying Certification for Interlocutory Appeal was filed on January 24, 2005, and he filed his Petition for Interlocutory Appeal on February 7, 2005, exactly 14 days later, his petition to this Court is timely. The overall contention between the parties concerns the identification of the particular "order" referred to in Rule 5(a).

¶6.     This Court amended Rule 5(a) of the Mississippi Rules of Appellate Procedure in 2005 to eliminate the requirement that a petitioner seek certification for an interlocutory appeal first

4

from the trial court. A petitioner may now seek interlocutory appeal directly from the Supreme Court by filing a petition within twenty-one (21) days following the entry of the order which the petitioner submits for interlocutory review. This amendment is applicable only to petitions filed on or after March 1, 2005. Bennett filed his Petition for Interlocutory Appeal on January 24, 2005. Therefore, the 2004, rather than the 2005, revision of the Rules of Appellate Procedure is applicable in this matter. The 2004 revision of Rule 5(a) of the Mississippi Rules of Appellate Procedure states:

> (a) **Petition for Permission to Appeal.** An appeal from an interlocutory order may be sought if the *order grants or denies certification* by the trial court that a substantial basis exists for a difference of opinion on a question of law as to which appellate resolution may:
>
> (1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or
> (2) Protect a party from substantial and irreparable injury; or
> (3) Resolve an issue of general importance in the administration of justice.
>
> Appeal from such an order may be sought by filing a petition for permission to appeal with the clerk of the Supreme Court *within 14 days* after the entry of *such order* in the trial court with proof of service on all other parties to the action in the trial court. An order may be amended to include the prescribed certification or denial at any time, and permission to appeal may be sought within 14 days after entry of the order as amended.

Miss. R. App. P. 5(a) (emphasis added).

¶7.     Based on the information available in the 2004 revision of Rule 5(a), the appropriate order date by which to measure the timeliness of Bennett's appeal would be January 24, 2005, because this is the date the Amended Order Denying Defendant's Motion and Plaintiff's Motion for Default, and Denying Certification for Interlocutory Appeal was filed.

McCaffrey's contention that June 7, 2004, represents the appropriate order date is erroneous. The circuit court entered an order denying Bennett's Motion to Dismiss on this particular date. However, the circuit court did not enter its order denying certification until January 24, 2005. Bennett filed his Petition for Interlocutory Appeal with this Court on February 7, 2005, exactly 14 days later. Therefore, Bennett's petition to this Court is timely.

**Standard of Review**

¶8.     To the degree that a trial judge's decision to grant or deny a motion for an extension of time is based upon a precept of law, the standard for this Court's review shall be "plenary"; otherwise this Court shall apply the abuse-of-discretion standard. Which standard to apply is a decision to be made on an ad hoc basis. ***Rains v. Gardner,*** 731 So.2d 1192, 1198 (Miss. 1999). When reviewing fact-based findings, this Court will only examine whether the trial court abused its discretion and whether there was substantial evidence supporting the determination. ***Triple C Transport, Inc. v. Dickens,*** 870 So.2d 1195, 1197-98 (Miss. 2004). In this case, the circuit court judge did not base his decision upon a question of law, therefore, an abuse of discretion standard will apply.

I.      **Whether the Circuit Court erred in denying defendant's motion to dismiss because the plaintiff failed to show good cause as to why process was not served within the time allowed by Rule 4(h) and the first 60-day extension granted by the Circuit Court.**

¶9.     Bennett argues he was not timely served with a copy of the summons and complaint as required by Rule 4(h) of the Mississippi Rules of Civil Procedure.  Rule 4(h) provides:

6

**(h) Summons: Time Limit For Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period , the action shall be dismissed as to that defendant without prejudice upon the Court's own motion with notice to such party or upon motion.

Miss. R. Civ. P. 4(h). McCaffrey's complaint was filed on January 7, 2003. She had 120 days, or until May 7, 2003, to serve a copy of the summons and complaint. Prior to the expiration of the 120 day period, McCaffrey filed a motion to extend this period by 60 days. In her motion, she stated that her attempts to serve all four of the defendants were unsuccessful. As to Bennett, the proof of service stated "Unexecuted - subject has moved - incorrect street # 3/11/03." The circuit court granted this motion on April 29, 2003. Based on this order, McCaffrey had until July 6, 2003 to effectuate service. During this time, McCaffrey even attempted process by publication by publishing the summons in the Clarion-Ledger on June 16, 23, and 30.

¶10. Based on the facts in the record, the list below provides the dates and details of the actions McCaffrey took in her diligent attempts to serve Bennett:

| | |
|---|---|
| March 11, 2003 | Sheriff's Officer Walter Ramsey attempted to serve Bennett at the address Bennett gave at the time of the accident, however, he reported that the process was "Unexecuted - Subject has moved - incorrect street #3/11/2003." |
| No Specific Dates Given | McCaffrey continued to search for Bennett's correct address using the phone book, internet, and the United States Post Office. |
| June 11, 2003 | Rebecca G. Taylor (attorney for McCaffrey) signed and |

7

| | |
|---|---|
| | filed a sworn affidavit stating that after diligent inquiry, Bennett could not be found. |
| June 24, 2003 | McCaffrey issued a subpoena on the Commissioner of Insurance in an effort to serve Bennett's insurer to obtain information on his whereabouts. On June 25, 2003, the Commissioner of Insurance forwarded the subpoena to Bennett's insurer. |
| June 16, 23, 30, 2003 | McCaffrey attempted to serve Bennett by publication. |
| No Specific Date Given | Defendant, USF&G Insurance Company informed McCaffrey that their sources had located Bennett. |
| October 7, 2003 | Based on information provided by USF&G, McCaffrey filed a second motion for additional time (60 days) to serve summons, and the circuit court granted the motion. |
| October 22, 2003 | Bennett was personally served in Harrison County, Mississippi. |

¶11. These facts present substantial evidence that McCaffrey diligently attempted to serve Bennett using all the tools at her disposal. Also, once provided pertinent information as to Bennett's whereabouts by her insurance company, McCaffrey sought to secure additional time to serve Bennett. Therefore, good cause existed for why process was not served within the time period allowed by Rule 4(h) and the initial extension provided by the circuit court. Accordingly, the circuit court did not abuse its discretion by granting McCaffrey the initial 60 day extension and denying Bennett's Motion to Dismiss.

> **II.** **Whether the Circuit Court erred in denying Bennett's motion to dismiss because McCaffrey did not demonstrate excusable neglect under Rule 6(b)(2) to allow for additional time to serve process, where said**

8

**request was made ninety-two (92) days after the expiration of the first time extension.**

¶12.    The circuit court enlarged the time for McCaffrey to serve process from 120 to 180 days when it entered its first order on April 29, 2003. The 180 day period expired on July 6, 2003. Bennett argues that McCaffrey failed to take any action to get additional time to serve Bennett for 92 days thereafter. Subsequently, on October 7, 2003, McCaffrey filed a motion to extend the period to effectuate process by an additional 60 days. The circuit court granted this motion, and Bennett was personally served on October 22, 2003. Bennett further argues that the second extension was granted in violation of M.R.C.P. 6(b)(2) because McCaffrey did not demonstrate any type of excusable neglect.

¶13.    Mississippi Rule of Civil Procedure (6)(b) states:

> (b) **Enlargement.** When by these rules or by notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time, in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), 59(d), 59(e), and 60(b), except to the extent and under the conditions therein stated.

Miss. R. Civ. P. 6(b).

¶14.    "'Good cause' for delay has been interpreted as 'excusable neglect' or adequate proof that there was a need for the delay or other justification of the delay which would convince the

9

courts to grant an extension in the service of the defendant(s)." ***Moore ex. Rel Moore v. Boyd,*** 799 So.2d 133, 136 (Miss. Ct. App. 2001) (quoting ***Black v. Carey Canada, Inc.*** 791 F. Supp. 1120, 1126-27) (S.D. Miss. 1990)). This excusable neglect standard is a very strict standard. ***Id.*** at 136 (quoting ***Black v. Carey Canada, Inc.*** 791 F. Supp. 1120,1127 (S.D. Miss. 1990)). A conscious and intentional delay of service by the plaintiff will not constitute good cause for an extension. ***Id.***

¶15.    As stated previously, McCaffrey established good cause for the delay in serving Bennett. The facts which established good cause for delay have also established excusable neglect.  McCaffrey did not consciously or intentionally delay service, but used every means possible to place Bennett on notice of the lawsuit pending against him. Although her attempt to perform service by publication was defective, it provided notice to Bennett within the given parameters of the first 60-day time extension since his residence was unknown.  When McCaffrey's insurance company hired a private investigator to ascertain Bennett's whereabouts and McCaffrey was informed of Bennett's location, she acted with all due diligence by seeking the second time extension in order to personally serve Bennett. In this manner, the procedural defectiveness of the attempted service by publication was cured. Although ninety-two (92) days elapsed between the first extension and the second extension of time, McCaffrey's actions firmly established good cause for the delay in service, and it is clear that she met the standard for excusable neglect.

¶16.    Under the specific facts of this case, we find that the circuit court did not abuse its

discretion in granting McCaffrey's second motion for an additional sixty days to service process because McCaffrey established good cause and excusable neglect for the delay. Therefore, we affirm the decision of the circuit court.

## CONCLUSION

¶17.    For the reasons stated above, we affirm the judgment of the Circuit Court of Hinds County and remand this case for further proceedings consistent with this opinion.

¶18.    **AFFIRMED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., DIAZ, EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. RANDOLPH, J., NOT PARTICIPATING.**

11