956 So.2d 1062 (2007)
William KINGSTON, Appellant
v.
SPLASH POOLS OF MISSISSIPPI, INCORPORATED and Donna N. Parker Withrow, Jointly and Severally, Appellees.
No. 2005-CA-02257-COA.
Court of Appeals of Mississippi.
May 8, 2007.
T. Jackson Lyons, Jackson, attorney for appellant.
Mona Vidin Patel, James D. Holland, Jackson, attorneys for appellees.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. William Kingston filed suit against Splash Pools of Mississippi, Inc. and its corporate manager after one of its employees allegedly attacked and beat Kingston while Kingston was a patron. Kingston failed to serve process on the defendants within the 120-day time period prescribed by Mississippi Rule of Civil Procedure 4(h). The defendants moved to dismiss the suit, and the lower court granted the motion due to untimely service of process. Kingston appeals, arguing:
I. WHETHER THE TRIAL COURT ERRED BY BASING ITS DISMISSAL ON THE FACT THAT KINGSTON DID NOT REQUEST ADDITIONAL TIME TO SERVE THE DEFENDANT.
II. WHETHER THE TRIAL COURT ERRED BY NOT CONSIDERING *1063 KINGSTON'S ATTORNEY'S ASSERTIONS THAT DILIGENT EFFORTS WERE MADE TO SERVE THE DEFENDANTS.

FACTS
¶ 2. Kingston filed a complaint against Splash Pools on December 6, 2002. He alleged that the corporate defendant, Splash Pools, and its officer, Donna N. Parker Withrow ("Withrow"), were negligent in failing to protect Kingston, an invitee, from one of Splash Pool's employees, John Withrow ("John").[1] Withrow was the corporate agent for service of process for the company. She was also married to John's father. John allegedly attacked Kingston while Kingston was in the store and beat him. Negligent hiring and retention claims were also included in the cause of action.
¶ 3. During the year and eleven months between the initial filing of the complaint and the final receipt of summons, John and his father both passed away and Splash Pools dissolved as a corporate entity. Withrow remarried and changed her name and address during this period. Summons for Withrow was issued on September 10, 2004, but personal service was not obtained on her until November 9, 2004. Splash Pools and Withrow answered on December 8, 2004, and raised the affirmative defense that process and service of process were insufficient. They claimed that Kingston had not met the 120-day time limit, had not properly asked for any additional time extensions, and that the case should therefore be dismissed.
¶ 4. A hearing was subsequently held in which Kingston asserted that diligent efforts were made within those two years to find Splash Pools and Withrow. Kingston cited difficulties because Splash Pools closed its storefront business, did not leave a forwarding address, and then dissolved the corporation entirely. Kingston also noted that John was deceased, and that Withrow had changed her name. However, no specifics as to how, when and where the process server made attempts to effectuate service of process were given to the court, and an affidavit from the process server was not provided to show any sort of detail that could have demonstrated good cause. Thus, the lower court dismissed the case without prejudice. At the time of dismissal, the statute of limitations for the claims had expired.

STANDARD OF REVIEW
¶ 5. A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed "a discretionary ruling . . . and entitled to deferential review" on appeal as to whether "the trial court abused its discretion and whether there was substantial evidence supporting the determination." Rains v. Gardner, 731 So.2d 1192, 1197-98(¶ 19) (Miss.1999).

LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED BY BASING ITS DISMISSAL ON THE FACT THAT KINGSTON DID NOT REQUEST ADDITIONAL TIME TO SERVE THE DEFENDANT.
¶ 6. Kingston asserts that the lower court based its ruling on Kingston's failure to file a motion for additional time or that the court, at the very least, implied that the failure to request additional time was required. Upon a thorough review of the record, we disagree. The lower court *1064 found that Splash Pools and Withrow were not timely served with a copy of the summons and complaint as required by Rule 4(h) of the Mississippi Rules of Civil Procedure, and stated in its reasoning that Kingston failed to show good cause for the delay. Rule 4(h) states:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own motion with notice to such party or upon motion.
Thus, failure to serve process within 120 days will only cause a complaint to be dismissed if the plaintiff cannot show good cause for failing to meet the deadline. The plaintiff bears the burden of establishing good cause. M.R.C.P. 4(h).
¶ 7. Kingston asserts that "Rule 4(h) does not require that a motion for additional time for service of process be filed within 120 days of the filing of the complaint." Webster v. Webster, 834 So.2d 26, 28(¶ 8) (Miss.2002). Our supreme court has further stated that "although there is no requirement of a motion for additional time, `the better method to be utilized in future cases would be for plaintiffs [sic] counsel to seek authority for extensions from the court, rather than unilaterally making this decision himself.'" Montgomery v. SmithKline Beecham Corp., 910 So.2d 541, 545(¶ 13) (Miss.2005) (quoting Fortenberry v. Mem'l. Hosp., 676 So.2d 252, 256 (Miss.1996)). In addition, the courts have held that if the plaintiff is unable to meet the 120-day deadline, "a diligent plaintiff should file [a motion for additional time to serve process] within the 120-day time period. Such diligence would support an allegation that good cause exists for failure to serve process timely." Webster, 834 So.2d at 29(¶ 11).
¶ 8. The motion for additional time must be filed before the expiration of the 120-day time period. Mitchell v. Brown, 835 So.2d 110, 112(¶ 10) (Miss.Ct.App. 2003). Kingston did not file such a request before the 120-day time limit lapsed. The lower court noted Kingston's failure in reference to the fact that since no motion was filed and no order given to extend the time in which to serve process, then Kingston had the burden of showing good cause for the delay. The lower court further noted that no evidence was presented to the court to establish good cause beyond broad assertions of diligence at the hearing on the motion to dismiss. Therefore, we find nothing in the record to support Kingston's argument that the lower court either mandated or implied that filing a motion to request additional time was required. Accordingly, Kingston's first issue is without merit.
II. WHETHER THE TRIAL COURT ERRED BY NOT CONSIDERING KINGSTON'S ATTORNEY'S ASSERTIONS THAT DILIGENT EFFORTS WERE MADE TO SERVE THE DEFENDANTS.
¶ 9. Kingston next argues that the lower court erred by not considering statements made by his attorney in the hearing to dismiss the case. Kingston maintains that his attorney had personal knowledge of where and when the process server attempted service, and the court disregarded those assertions that diligent efforts were made to effectuate service of process.
¶ 10. While Kingston or his attorney may have had personal knowledge of the server's attempts, the record is void of any detail to support such an assertion. For *1065 instance, no dates, times or locations were given to prove that any efforts had been made to serve process on the defendants within the 120-day time period. Likewise, no affidavit from the process server exists to demonstrate if any attempts were made, and the record is void of any returns of the summons originally issued. The only indication in the record which would support a finding that Kingston may have attempted to serve process during that time period was a statement that "some attempts" were made. No further details were given.
¶ 11. Our supreme court has stated that the court "cannot rely solely on an inference based upon the unsworn statement of an attorney made during argument at a hearing without any evidence to support his assertion of fact." Smith County School Dist. v. McNeil, 743 So.2d 376, 379(¶ 11) (Miss.1999). Thus, some level of detail appears to be required to demonstrate a showing of good cause. A plaintiff attempting to establish good cause must show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Watters v. Stripling, 675 So.2d 1242, 1243 (Miss.1996) (quoting Systems Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990)). A leading treatise has expounded upon what constitutes good cause:
[G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.
Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137, at 342 (3d ed. 2000).
¶ 12. Kingston claims that the present case is similar to Bennett v. McCaffrey, 937 So.2d 11, 13(¶ 11) (Miss.2006), in which our supreme court found good cause shown to extend the time permitted for service of process. Bennett involved a personal injury automobile case in which the plaintiff sued the motorist defendant and his insurer. In Bennett, the plaintiff failed to serve process on the defendant within the 120-day time period. Unlike the present case, however, the plaintiffs provided specific dates and information regarding attempts to serve process. In addition, the plaintiffs utilized several different methods of serving process, including service by publication and through the county sheriff, as well as a subpoena to the Commissioner of Insurance in an attempt to locate the defendant's insurer. The plaintiffs also filed motions to extend the time period for service of process. Id. As noted above, the record before us is void of any similar evidence.
¶ 13. Kingston further asserts that the lower court improperly refused to accept his attorney's statements as true and, therefore, did not consider them in his determination. Upon a thorough review of the record, we find Kingston's argument to be without merit.
¶ 14. The lower court stated in its order that the only evidence before the court was the "unsubstantiated oral representations of the Plaintiff's attorney which is not sufficient as a matter of proof as to what attempts were made and when they were made to serve process." The court did not base its ruling on whether the attorney's statements were true or false. Rather, the court concluded that a general statement *1066 that "some attempts" were made did not rise to the level required for good cause.
¶ 15. The purpose behind the 120-day rule is to provide the plaintiff with an adequate amount of time in which to find the defendant and provide notice of the claim. If the plaintiff is unable to locate or serve the defendant within that time frame, the plaintiff has several options from which to proceed. The plaintiff may request additional time in which to file, dismiss and re-file the claim, or demonstrate to the court good cause as to why the defendant was not properly served within the time allowed.
¶ 16. Where, as in the present case, the record is void of any example of diligent effort made to serve process, then we cannot say that good cause has been shown. Therefore, we hold that the lower court did not abuse its discretion, and we affirm the dismissal of the case for failure to serve process within the time prescribed by M.R.C.P. 4(h).
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Donna N. Parker Withrow has since remarried and changed her last name to "Foster." However, due to the style of the case, we will refer to her former name, "Withrow."