FAIR, J., for the Court:
¶ 1. On August 28, 2009, Martha Edwards sued State Farm Insurance for un-derinsured-motorist benefits. Edwards did not serve State Farm with process until February 2, 2010, over 160 days later. State Farm immediately filed a motion to dismiss or, in the alternative, a motion for summary judgment, arguing that Edwards failed to effectuate service within the 120-day period designated by Mississippi Rule of Civil Procedure 4(h). The trial court granted State Farm’s motion, finding that Edwards failed to show good cause for failure to serve within the 120-day period. Aggrieved, Edwards appeals. We affirm the decision of the circuit judge as within his discretion.
FACTS
¶ 2. The issues before us center on the trial court’s determination of Edwards’s failure to comply with Mississippi Rule of Civil Procedure 4(h), the “120-day rule” for serving process.
¶ 3. On June 4, 2004, Edwards was involved in a collision with Willie J. Gunn. At the time of the accident, Edwards had an underinsured-motorist policy through State Farm. Edwards filed a claim with State Farm after she settled her claims with Gunn. State Farm denied Edwards’s claim, and she filed her complaint on August 21, 2009.
¶ 4. Edwards filed a motion for enlargement of time on the last day of the 120-day time limit. However, Edwards never requested a hearing or a ruling on the motion. Edwards did not serve State Farm until February 2, 2010, 160 days after the filing of her complaint.
¶ 5. The court held a hearing on State Farm’s motion to dismiss. After reviewing the filings made by Edwards, including her motion for an extension of time, the trial court found no reason given for Edwards’s failure to serve State Farm. On January 12, 2012, the court issued an order dismissing the case.
DISCUSSION
1. Good Cause
¶ 6. Mississippi Rule of Civil Procedure 4(h) requires that “a plaintiff must serve a defendant with process within 120 days or show good cause why service was not made.” Webster v. Webster, 834 So.2d 26, 27-28 (¶ 4) (Miss.2002) (citation omitted).
¶ 7. In Holmes v. Coast Transit Authority, 815 So.2d 1183, 1185 (¶ 6) (Miss.2002), the supreme court addressed the standard of review of a trial court’s determination of good cause:
*641 A trial court’s finding of fact on the existence of good cause for the delay in service of process has been deemed “a discretionary ruling ... and entitled to deferential review” on appeal. Rains v. Gardner, 731 So.2d 1192, 1197-98 (Miss.1999). When reviewing fact-based findings, we will only examine “whether the trial court abused its discretion and whether there was substantial evidence supporting the determination.” Id. at 1197. However, a decision to grant or deny an extension of time based upon a question of law will be reviewed de novo. Id. at 1198.
It further explained:
[G]ood cause is likely (but not always) to be found when the plaintiffs failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.
Holmes, 815 So.2d at 1186 (¶ 12) (quoting 4B Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1137 (3d ed.2000)). “[A]t a minimum, a plaintiff attempting to establish good cause must show at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.” Id. at (¶ 11) (quotations omitted).
¶ 8. Edwards states that she was only required to show “cause” and not “good cause” because she filed a Mississippi Rule of Civil Procedure 6(b) motion for enlargement of time within the first 120 days. Rule 6(b) provides in pertinent part as follows:
Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shoum may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed. ...
(Emphasis added).
¶ 9. Edwards properly filed her motion for an extension of time within the 120-day time period. However, it is undisputed that Edwards failed to secure an order granting her motion. On appeal, Edwards cites Cross Creek Productions v. Scafidi, 911. So.2d 958, 959 (¶7) (Miss.2005), in support of her argument that she is only required to show “cause” and not “good cause” because of that timely filing. However, this case is distinguishable from Cross Creek, where there was an order granting the motion, allowing the party additional time to serve process. In this case, there is no order. Edwards “placets] far too much emphasis on when a motion should be filed, while ignoring any demonstration of diligence.” Montgomery v. SmithKline Beecham Corp., 910 So.2d 541, 546 (¶ 18) (Miss.2005).
¶ 10. As the trial court correctly pointed out, Edwards provides no reason as to why service was not perfected in the first 120 days. Rather, she only states that the motion for an extension of time was “not filed for the purpose of delay but in order to represent Plaintiff adequately.” More importantly, Edwards did not promptly seek a ruling on her motion. The trial court correctly stated that, since no enlargement of time had been granted, Edwards, without cause, failed to serve State Farm within the 120 days as prescribed by Rule 4(h). Absent a showing of good cause for this failure, Edwards’s claim *642 must be dismissed. See Collom v. Senholtz, 767 So.2d 215, 217 (¶ 5) (Miss.Ct.App.2000).
¶ 11. The court stated that it was apparent from the complaint that Edwards knew the proper party to serve. In addition, the trial court stated that there were no allegations that State Farm attempted to avoid process. In her motion, Edwards merely states that the motion was not filed “for the purpose of delay.”
¶ 12. Edwards also mistakenly argues that service was effective because State Farm has not shown it has been prejudiced or that Edwards acted in bad faith. As the party requesting additional time, Edwards had the burden to show good cause in order for the court to find proper service of process. Therefore, we find that the trial court did not abuse its discretion in finding that Edwards did not show good cause for failure to serve State Farm within the 120-day time limit.
2. Waiver of Process
¶ 13. Edwards claims that State Farm waived its right to rely on its affirmative defense of insufficient service of process. In its order dismissing the case, the trial court did not specifically find that State Farm had waived any of its affirmative defenses. However, based on the court’s ruling, it appears it concluded that State Farm’s defenses had not been waived. This determination is subject to an abuse-of-discretion standard. See Kinsey v. Pangborn Corp., 78 So.3d 301, 306 (¶ 13) (Miss.2011). Pursuant to this standard, this Court’s only consideration is “whether there was substantial evidence supporting the determination.” Kingston v. Splash Pools of Miss., Inc., 956 So.2d 1062, 1063 (¶ 5) (Miss.Ct.App.2007)
¶ 14. In her complaint, Edwards alleged that State Farm had denied her claim in bad faith, demanding punitive and extra-contractual damages. In its motion to dismiss, or in the alternative, for summary judgment, State Farm argued that the action should be dismissed because Edwards failed to timely serve State Farm, and because her claims are barred by the applicable three-year statute of limitations.
¶ 15. To establish a waiver, Edwards must prove there was a substantial and unreasonable delay by State Farm in pursuing its affirmative defenses, coupled with active participation in the litigation. See Miss. Credit Ctr., Inc. v. Horton, 926 So.2d 167, 171 (Miss.2006).
¶ 16. Edwards incorrectly asserts that State Farm has waived the defenses of insufficient process and insufficiency of service of process by its participation in litigation. Service of process defenses must be affirmatively asserted by an initial responsive pleading or by a separate motion. See Burleson v. Lathem, 968 So.2d 930, 933 (¶ 8) (Miss.2007). Further, a defendant who properly raises the defenses preserves them, although he may pursue a defense on the merits. Miss. Credit Ctr., 926 So.2d at 180 (¶ 44) (Miss.2006). State Farm persistently raised these defenses at all stages of litigation. The trial court held a hearing on State Farm’s motion to dismiss, or in the alternative, motion for summary judgment, on October 7, 2011. Before the hearing began, State Farm reiterated Edwards’s failure to serve State Farm with process within the prescribed time. We find that there was substantial evidence to support the trial court’s determination. See Kingston, 956 So.2d at 1063 (¶ 5). Therefore, we find that the trial judge did not abuse his discretion in concluding that State Farm did not waive its affirmative defenses.
*643 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.