BARNES, J.,
for the Court:
¶ 1. Gray Properties LLC (Gray) hired Guest Consultants Inc. (Guest) in 2004 to perform engineering and survey work on real property owned by Gray. The purpose of the work was to develop the land for the construction of car dealerships. Guest requested bids from subcontractors for the site work on Gray’s behalf, and Utility Constructors Inc. (Utility) submitted the winning bid. Gray entered into a contract with Utility to perform the preliminary site (dirt) work on the property on November 1, 2004. Under Guest’s oversight, Utility installed building pads on the property and completed the work on December 22, 2004.
¶ 2. On September 20, 2005, Gray conveyed ownership of the property to CAR AAG MS BRAN LLC (CAR). CAR subsequently constructed a building on the site for an automobile dealership. At some point between March 2008 and June 2008, it was discovered that the building had structural damage due to inadequate compaction of the soil. An initial estimate for repair was $60,000. However, no repair was performed on the building until over a year later, when Gray paid approximately $175,000 to repair the damage. When later questioned why the repair was not completed until one year after the damage was discovered, causing an increase in repair costs, the owner of Gray stated:
[W]ell, nobody wanted to step up to the pump and fix it, and, at the end of the day[,] ... a year later, I guess it was probably, when we finally got everybody all together, and everybody was pointing fingers at everybody[, w]e had that much more settlement.
¶ 3. Gray filed an action against Guest and Utility in May 2010, alleging damages from breach of contract and tortious acts. In the complaint, Gray claimed that Utility negligently compacted the soil, which caused the damage to the building, and that Guest did not perform adequate supervision of Utility’s work. Both Guest and Utility denied any liability, and Guest filed a cross-claim against Utility, demanding that Utility indemnify it for any potential judgment against Guest.
¶ 4. Utility filed a motion for summary judgment on June 23, 2011, claiming that Gray did not have standing to sue, as it did not hold title to the buildings and real property at the time the alleged defects in Utility’s site 'work manifested. Guest joined Utility’s motion for summary judgment. Gray responded on October 21, 2011, arguing that it had standing because: *1166 (1) it had paid for the repairs; (2) the contract for site work was between Gray and Utility; and (3) Utility was required to indemnify Gray under the terms of Utility’s commercial-liability insurance, which was required by the site-work contract. On November 21, 2011, Gray also filed an assignment of claims from CAR to Gray of “any and all claims” CAR may have concerning the litigation.
¶ 5. After a hearing on the motion, the circuit court granted Utility’s motion for summary judgment on March 14, -2012, concluding that Gray did not have standing to sue and had failed to provide sufficient proof that it suffered damages for which Utility should be liable. On March 26, 2012, Gray filed a motion to reconsider the judgment under Mississippi Rules of Civil Procedure 59(e) and 60(b)(6).[1] The circuit judge denied the motion, stating that no new evidence showed that Gray had standing or was obligated to make the repairs to the building. The judge also commented: “[I]t is certainly not clear to me that there would have been any liability by [Utility and Guest] anywayf.]”
¶ 6. On appeal, we find that Gray had standing to sue Utility and Guest for the cost of building damage and repair, and there was a genuine issue of material fact as to whether Utility and Guest were liable. Accordingly, we reverse the circuit court’s grant of summary judgment and remand for further proceedings consistent with this opinion.
STANDARD OF REVIEW
¶ 7. A circuit court’s grant or denial of a motion for summary judgment is reviewed de novo. Clark Sand Co. v. Kelly, 60 So.3d 149, 154 (¶ 12) (Miss.2011) (citing Monsanto v. Hall, 912 So.2d 134, 136 (¶ 5) (Miss.2005)). Summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). “To withstand summary judgment, the party opposing the motion must present sufficient proof to establish each element of each claim.” Morton v. City of Shelby, 984 So.2d 323, 330 (¶ 14) (Miss.Ct.App.2007). If we determine that “triable issues of fact exist,” we will reverse the circuit court’s decision to grant summary judgment. Jones v. Mullen, 100 So.3d 490, 494 (¶ 11) (Miss.Ct.App.2012) (citing Johnston v. Palmer, 963 So.2d 586, 592 (¶ 11) (Miss.Ct.App.2007)).
DISCUSSION
¶ 8. In its motion for summary judgment, Utility argued that it was entitled to judgment as a matter of law because Gray did not have standing to bring the action against Utility and Guest and, therefore, did not suffer compensable damages. The circuit court agreed, granting summary judgment. It is undisputed that Gray was not the owner of the property when the structural damage to the building was discovered. Gray, however, claims that it had standing as a “real party in interest.” See M.R.C.P. 17(a) (stating that “[e]very action shall be prosecuted in the name of the real party in interest”).
¶ 9. Our appellate courts’ view of standing was recently reiterated by the Mississippi Supreme Court in In re City of Biloxi 113 So.3d 565, 570 (¶ 13) (Miss.2013):
In Mississippi, parties have standing to sue when they assert a colorable interest in the subject matter of the litigation or *1167 experience an adverse effect from the conduct of the defendant, or as otherwise provided by law. A colorable claim or action is one appearing to be true, valid, or right. A party’s claim must be grounded in some legal right recognized' by law, whether by statute or by common law and that party must be able to show 'that it has a present, existent actionable title or interest.
(Internal citations and quotation marks omitted). “[Standing is a jurisdictional issue that can be raised at any time by any party or by the Court, and the standard of review is de novo.” Id. Whether a party has standing is determined at the commencement of the action. Clark, 60 So.3d at 155 (¶ 14). “It is well settled that Mississippi’s standing requirements are quite liberal.” Hall v. City of Ridgeland, 37 So.3d 25, 33 (¶ 24) (Miss.2010) (citation omitted).
¶ 10. We agree that there is no genuine issue of material fact that Gray was not the property owner at the time that the damage was discovered. However, this was not the issue before the circuit court; the issue was actually whether Gray has standing to bring its breach-of-contract claim against Utility and Guest. We find that it does.
¶ 11. In the complaint, Gray asserted that the contract work by Utility and Guest was negligently performed, and such negligence resulted in Gray’s being liable to the purchaser of the property, CAR, for subsequent damages. Gray contends it suffered a financial loss as a result of Utility’s alleged negligence, and it was a party to the contract upon which the action is based. Gray also asked for damages under the terms of the contract, such as attorneys’ fees. Counsel for Gray noted at the summary-judgment motion hearing:
Should Utility be allowed some sort of windfall or even know Gray Properties has come forward and says we’re going to handle the cost of getting this fixed[?] You breached the contract you had with us. The only question is legally, does Utility get that windfall and get to avoid suit[?]
(Emphasis added).
¶ 12. Utility, however, argued at the hearing: “The mere fact that [Gray] was the original contracting party with Utility is of no consequence or relevance, due to the fact that it sold any and all interest in the property.” Utility continues to reiterate that a prior owner may not sue for damages to property that it does not currently own. Utility also argues that Gray was a voluntary payor; therefore, it did not have standing. “A voluntary payor is a stranger or intermeddler who has no interest to protect and is under no legal or moral obligation to pay.” Indemnity Ins. Co. of N. Am. v. Guidant Mut. Ins. Co., 99 So.3d 142, 150 (¶22) (Miss.2012) (citation and internal quotation marks omitted).
¶ 13. Yet, although Utility argues that Gray does not have any obligation to pay, it is evident that Gray felt it had a legal obligation to pay for damage. Gray warranted to CAR that the property had no structural issues when sold. The purchase agreement between Gray and CAR specifically represented and warranted the following:
No structural ... or other major systems of any [ijmprovements are in need of material repair or replacement. (Section 5.1(f))
[[Image here]]
[Gray] has not released or modified any warranties of builders, contractors, manufacturers or other trades persons that may have been given to [Gray] and all such warranties are in full force and effect. (Section 5.1(q))
*1168 [[Image here]]
The representations and warranties set forth in Section[ ] 5.1 ... and any indemnification related to any of the foregoing, shall survive the [c]losing indefinitely, subject to any applicable statute of limitations. (Section 17.3)
While Gray might have taken the position that it did not breach the purchase agreement with CAR because there was no structural damage at the time of the sale and could have waited for prolonged litigation to establish liability vel non, it did not do so. A mere one-year delay had already raised the cost of repair to the building extensively. In an uncommon decision in our modern litigious society, Gray decided not to allow further monetary damage to occur and bore the burden of the repair costs to avoid further damage. Gray, which was a party to the contracts with CAR, Utility, and Guest, was certainly not a “stranger or intermeddler who ha[d] no interest to protect[.]” See Indemnity Ins., 99 So.3d at 150 (¶ 22).
¶ 14. As this Court has consistently held: “[S]ummary-judgment evidence is [to be] viewed in the light most favorable to the nonmoving party.” Person v. Denbury Onshore, LLC, 122 So.3d 810, 813 (¶ 12) (Miss.Ct.App.2013) (citation omitted). There is no question that Gray entered into valid, enforceable contracts with Guest and Utility for site work. Further, Gray experienced “an adverse effect from the conduct of the defendant.” See In re City of Biloxi, 113 So.3d at 570 (¶ 13) (holding that “parties have standing to sue when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant”). Therefore, we find that Gray had standing to assert a claim for breach of contract against Utility and Guest.
¶ 15. The circuit court summarily stated that Gray failed to provide sufficient proof to establish that it suffered damages. However, the court subsequently noted in denying Gray’s motion for reconsideration that it was “not clear” whether Utility and Guest could be held liable. We find that Utility and Guest provided no legal challenges or defenses to Gray’s claims for breach of contract. At no time did they refute Gray’s allegation that the damage to the building was caused by inadequate soil compaction. Instead, they limited their argument to the issue of standing. Thus, we cannot find Utility and Guest met their burden of showing that no genuine materi-. al facts exist as to the issue of their liability. See Parmenter v. J & B Enters., Inc., 99 So.3d 207, 213 (¶ 7) (Miss.Ct.App.2012) (“The burden of demonstrating that there are no genuine issues of material fact is upon the movant, and the non[]moving party must be given the benefit of every reasonable doubt.” (quoting Miller v. R.B. Wall Oil Co., 970 So.2d 127, 130 (¶ 5) (Miss.2007))).
¶ 16. As we find no basis for the circuit court’s grant of summary judgment in favor of Utility and Guest, we reverse the judgment and remand for further proceedings in accordance with this opinion.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY. MAXWELL, J., NOT PARTICIPATING.

. Although the motion was filed more than ten days after the judgment, as the tenth day fell on a weekend, Gray’s motion was timely filed the following Monday.