# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00597-COA

**BANCORPSOUTH BANK, WALTER S. PEARSON AND JANE C. PEARSON**                    APPELLANTS

v.

**BRUCE SWEET POTATO, INC.**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/08/2019 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANTS: | GENE D. BERRY |
| | TINA MARIE DUGARD SCOTT |
| ATTORNEYS FOR APPELLEE: | J. HALE FREELAND |
| | D. BETH SMITH |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 05/05/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2019-CA-00601-COA

**BANCORPSOUTH BANK, WALTER S. PEARSON AND JANE C. PEARSON**                    APPELLANTS

v.

**BRUCE SWEET POTATO, INC.**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/08/2019 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | GENE D. BERRY |
| | TINA MARIE DUGARD SCOTT |

ATTORNEYS FOR APPELLEE:          J. HALE FREELAND
                                 D. BETH SMITH

NATURE OF THE CASE:              CIVIL - REAL PROPERTY
DISPOSITION:                     AFFIRMED IN PART; REVERSED AND
                                 REMANDED IN PART - 05/05/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Walter Pearson and Jane Pearson purchased real property from Richard Bailey. After purchasing the property, the Pearsons and BancorpSouth[1] (collectively, the Appellants) learned that the property was subject to a default judgment entered against Bailey. Prior to the Pearsons' purchase of the real property, the judgment was enrolled by Bruce Sweet Potato Inc.

¶2.     After the Pearsons purchased the property, Bruce Sweet Potato sought to execute on its judgment against Bailey. The Appellants filed several actions seeking to enjoin Bruce Sweet Potato from executing on the judgment.

¶3.     The Appellants now appeal from three orders entered by the Chickasaw County Circuit Court and Calhoun County Circuit Court.[2] In these orders, the circuit courts found that the default judgment entered against Bailey was not void and that the Appellants lacked standing to attack the default judgment. The circuit courts also denied the Appellants' motions to quash or stay the writ of execution filed by Bruce Sweet Potato.

---

[1] The record reflects that BancorpSouth held a deed of trust on the real property in the amount of over $700,000.

[2] The same circuit court judge presided over the actions in both counties.

2

¶4. After our review, we affirm the Calhoun County Circuit Court's order denying the Appellants' motion to intervene in the default judgment matter and to set aside as void the default judgment. However, because we find that the Appellants possessed standing to challenge the writ of execution, we reverse the March 8, 2019 orders of the Calhoun County Circuit Court and Chickasaw County Circuit Court denying the Appellants' motions to quash or stay the writ of execution, and we remand these cases for further proceedings consistent with this opinion.

**FACTS**

¶5. On April 26, 2016, Bruce Sweet Potato sent a demand letter to Magnolia Brand Produce Inc. and "Richard Bailey, [I]ndividually," seeking to collect a debt in the amount of $177,019, owed for the purchase of sweet potatoes. The letter informed Bailey that "this is an attempt to collect a corporate and individual debt from you as Guarantor . . . ."

¶6. After Bailey or the corporations failed to respond to the demand letter, Bruce Sweet Potato filed an action in the Calhoun County Circuit Court on July 6, 2016, against "Richard Bailey, d/b/a CC Farms, Magnolia Brand Produce, Inc., [and] REB Cane Creek Farms, Inc.," seeking recovery of that $177,019 that remained due. At the time of the action, Bailey was the registered agent, incorporator, director, and president of Magnolia Brand Produce. Bailey was also the registered agent, president, and director of REB Cane Creek Farms.

¶7. On July 6, 2016, a summons was issued to "Richard Bailey, d/b/a CC Farms," "REB Cane Creek Farms, Inc." and "Magnolia Brand Produce, Inc." The proof of service indicates that Bailey was personally served on July 7, 2016. Bailey did not file an answer or otherwise

3

respond to the complaint.

¶8.    On August 22, 2016, upon motion by Bruce Sweet Potato, the Calhoun County Circuit Court entered a default judgment against Bailey in the amount of $207,019. The record reflects that this amount included attorney's fees plus interest accruing until the judgment was paid. The default judgment reflects that Bailey did not "plead or otherwise defend" against the summons and complaint. Bailey did not file a motion to set aside the default judgment, and he is not a party to this appeal.

¶9.    On August 24, 2016, the judgment was enrolled in the Chickasaw County Circuit Clerk's office. This judgment listed the defendant's name as "Bailey Richard"[3] and provided his address as 14 Highway 341, Vardaman, Mississippi.

¶10.    On November 23, 2016, the Pearsons purchased 220 acres of land from Bailey via warranty deed. On January 30, 2017, after learning of the judgment lien against Bailey, the Appellants filed a complaint to remove cloud on the title in the Chickasaw County Chancery Court. In support of their complaint, the Appellants argued that the default judgment was void because service of process on Bailey was defective. The Appellants explained that a separate summons was not issued for each defendant as required by Mississippi Rule of Civil Procedure 4. The Appellants also argued that the August 24, 2016 abstract of the judgment against Bailey that was enrolled in the office of the Chickasaw County Circuit Clerk was improper because the judgment listed the defendant's name as "Bailey Richard," and was

---

[3] The Secretary of State website lists the registered agent's name as "Bailey, Richard" on the corporation pages for Magnolia Brand Produce and REB Cane Creek Farms.

4

therefore not a valid lien on the real property of "Richard Bailey."[4]

¶11. On August 15, 2018, the Appellants filed a motion for summary judgment on their complaint to remove cloud on the title. Bruce Sweet Potato filed its response in opposition to the motion for summary judgment, arguing that the service of process upon Bailey was not defective and that the Appellants failed to perform a proper title check prior to purchasing the land.

¶12. The Chickasaw County Chancery Court held a hearing on the matter on October 18, 2018. The chancellor entered an order on October 23, 2018, denying the Appellants' motion for summary judgment.

¶13. On January 9, 2019, more than two years after the entry of the default judgment, the Appellants filed a motion in the Calhoun County Circuit Court to intervene in the default judgment matter and to set aside as void the default judgment entered against Bailey.[5] In their motion, the Appellants argued that a separate summons was not issued for each defendant as required by Rule 4, and, therefore, the default judgment was void because service of process on Bailey was defective.

¶14. The Appellants attached to the motion an affidavit from Bailey dated January 9, 2019. In his affidavit, Bailey stated that the debt claimed by Bruce Sweet Potato was not a debt by

---

[4] The Appellants raised the issue in their motion for summary judgment in chancery court but not in the circuit court cases that are the subject of this appeal. The issue does not appear to have been finally decided in the chancery court case, and we do not address it in this appeal.

[5] The Appellants assert in their brief that during the summary judgment action, the chancery court indicated that the circuit court may be the more appropriate forum to address issues as to the validity of the default judgment.

Bailey personally; rather, it was a corporate debt of Magnolia Brand Produce. Bailey stated that he was not served with a separate summons addressed to him individually. Bailey stated that he had "reviewed the summons that Bruce Sweet Potato . . . claims that it served on [him] and the summons appears to be addressed to [him] as agent for process of Magnolia Brand Produce . . . ." According to Bailey's affidavit, if Bruce Sweet Potato had served him individually with a separate summons and complaint seeking to hold him personally liable for the debt of Magnolia Brand Produce, he would have made an appearance and defended himself in court.

¶15. Two days later, on January 11, 2019, Bruce Sweet Potato mailed a writ of execution to the Chickasaw County Circuit Court, and Bruce Sweet Potato's counsel began foreclosure proceedings to execute on its judgment. The writ of execution was filed with the Chickasaw County Circuit Court on January 17, 2019.

¶16. On January 18, 2019, the Appellants filed a motion as intervenors to quash the writ of execution in the Calhoun County Circuit Court, arguing that the writ of execution was issued on a void default judgment. The Appellants asked the circuit court to stay or enjoin the execution on the default judgment until the Appellants' rights could be fully adjudicated. On that same day, the Appellants filed an almost identical motion to quash the writ of execution issued on the alleged void default judgment in the Chickasaw County Circuit Court. Bruce Sweet Potato filed a response in opposition to the motion to intervene and a response in opposition to the motion to quash the writ of execution.

¶17. On January 31, 2019, the Calhoun County Circuit Court entered an order staying the

writ of execution pending the circuit court's ruling on the motion to intervene and the motion to quash.

¶18. On February 11, 2019, the Calhoun County Circuit Court entered an order denying the Appellants' motion to intervene. The circuit court found that the Appellants "were not parties to the relevant action here and did not have an interest in that action during its pendency."

¶19. The Appellants filed a revised motion to quash the writ of execution in the Calhoun County Circuit Court on February 26, 2019. The Appellants filed a nearly identical motion in the Chickasaw County Circuit Court on February 27, 2019.

¶20. On March 8, 2019, the Calhoun County Circuit Court entered an order denying the Appellants' motion to quash or stay the writ of execution. In its order, the circuit court acknowledged its prior ruling denying the Appellants' motion to intervene and found that "[the Appellants] lack[ed] standing to quash the writ of execution." That same day, the Chickasaw County Circuit Court entered an order denying the Appellants' revised motion to quash filed in that court. The order reflects that the circuit judge based his determination on the fact that the Appellants, "as interested parties, lack[ed] standing to seek the requested relief."

¶21. The Appellants timely appealed the following orders: the Chickasaw County Circuit Court's March 8, 2019 order denying their motion to stay or quash the writ of execution; the Calhoun County Circuit Court's February 25, 2019 order denying the motion to intervene; and the Calhoun County Circuit Court's March 8, 2019 order denying the motion to stay or

quash the writ of execution. As stated above, although these motions and orders were filed in separate counties, the same circuit judge ruled on them.

## DISCUSSION

### I. Default Judgment

¶22. The Appellants argue that the default judgment entered by the Calhoun County Circuit Court against Bailey is null and void due to defective service of process. The Appellants claim that although Mississippi Rule of Civil Procedure 4(b) requires the clerk "to issue a separate summons for each defendant,"[6] Bruce Sweet Potato served a single summons and complaint to "Richard Bailey, d/b/a CC Farms," "REB Cane Creek Farms, Inc." and "Magnolia Brand Produce, Inc."[7] According to the Appellants, the group summons was

---

[6] The advisory committee note to Mississippi Rule of Civil Procedure 4 states:

After a complaint is filed, the clerk is required to issue a separate summons for each defendant except in the case of summons by publication. The summons must contain the information required by Rule 4(b), which requires the summons to notify the defendant that, among other things, a failure to appear will result in a judgment by default. Although the "judgment by default will be rendered" language may be an overstatement, the strong language is intended to encourage defendants to appear to protect their interests. Forms 1A, 1AA, 1B, and 1C are provided as suggested forms for the various summonses.

The summons and a copy of the complaint must then be served on each defendant. This rule provides for personal service, residence service, first-class mail and acknowledgment service, certified mail service, and publication service.

[7] The Appellants also maintain that the complaint filed by Bruce Sweet Potato was not filed against Bailey as an individual. However, the record shows that the complaint does list Bailey as an individual defendant: "That the defendant, Richard Bailey, is an adult resident of Calhoun County, Mississippi. His address is 14 Hwy 341 South, Vardaman, Mississippi 38878, where he may be served with process of this [c]ourt within the time and

8

"patently defective" and violated the Mississippi Rules of Civil Procedure. The Appellants argue that as a result, the default judgment was void, and a judgment that is void is subject to attack at any time.

¶23. We recognize that "[a] motion to set aside a default judgment as void due to improper service of process is governed by Mississippi Rule of Civil Procedure 60(b)(4)." *S & M Trucking LLC v. Rogers Oil Co. of Columbia Inc*., 195 So. 3d 217, 221 (¶17) (Miss. Ct. App. 2016). "[A]lthough Rule 60(b) indicates that such a motion should be filed within a reasonable time," the Mississippi Supreme Court has held that "essentially, there can be no time limitation for relief from a void judgment as no amount of time or delay may cure a void judgment." *Id*. (internal quotation marks omitted).

¶24. Bruce Sweet Potato argues, however, that the Appellants were not parties to the default judgment action, and that the Appellants do not have standing to challenge service of process on another person. We recognize that "[s]tanding is a jurisdictional issue which may be raised by any party or the [c]ourt at any time." *Jourdan River Estates LLC v. Favre*, 278 So. 3d 1135, 1146 (¶40) (Miss. 2019). We review questions of standing de novo. *Trigg v. Farese*, 266 So. 3d 611, 617 (¶9) (Miss. 2018). The supreme court has explained that "[t]o satisfy standing, there must be a valid, present, and complete cause of action in existence along with a right to relief upon institution of the suit." *Jourdan River Estates*, 278 So. 3d at 1146 (¶40) (citing *Hotboxxx LLC v. City of Gulfport*, 154 So. 3d 21, 28 (¶24) (Miss. 2015) ("Standing must exist when litigation is commenced and must continue through all

manner as required by law."

9

subsequent stages of litigation, or the case will become moot." (citation omitted)).[8]  We recognize that "[a] lack of standing robs the court of jurisdiction to hear the case." *Schmidt v. Catholic Diocese of Biloxi*, 18 So. 3d 814, 826 (¶32) (Miss. 2009) (internal quotation marks omitted).

¶25.    The record reflects that Bruce Sweet Potato filed its complaint against Bailey, CC Farms, Magnolia Brand Produce, and REB Cane Creek Farms on July 6, 2016.  On August 22, 2016, upon motion by Bruce Sweet Potato, the Calhoun County Circuit Court entered a default judgment against Bailey.  The Appellants purchased the land from Bailey on November 23, 2016, three months after the entry of the default judgment.  We find that based on the record, the Appellants did not have "a valid, present, and complete cause of action in existence along with a right to relief *upon institution of the suit*." *Jourdan River Estates*, 278 So. 3d at 1146 (¶40) (emphasis added).  As stated, "[s]tanding must exist when litigation is commenced and must continue through all subsequent stages of litigation, or the case will become moot." *Hotboxxx*, 154 So. 3d at 28 (¶24).  Accordingly, the Appellants' argument

---

[8] In *Trigg v. Farese*, 266 So. 3d 611, 620 (¶20) (Miss. 2018) (citations and internal quotation marks omitted), the supreme court discussed standing and held as follows:

Standing depends on whether the plaintiff asserts a colorable interest in the subject-matter of the litigation or experiences an adverse effect from the conduct of the defendant, or as otherwise provided by law.  So, while standing in federal court requires an injury in fact, standing in Mississippi courts is more liberal and requires a colorable interest in the subject matter.  This Court has defined a colorable interest as whether the particular plaintiff had a right to judicial enforcement of a legal duty of the defendant or whether a party plaintiff can show in himself a present, existent actionable title or interest, and demonstrate that this right was complete at the time of the institution of the action.

as to whether the default judgment is void is moot.

¶26. Furthermore, we find that the Appellants do not have standing to raise the issue of insufficiency of process or insufficiency of service of process on behalf of Bailey. The United States Supreme Court has held that a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984). Additionally, the Mississippi Supreme Court has held that a party does not have standing to raise the issue of personal jurisdiction on behalf of third parties. *In re Enlarging, Extending & Defining Corp. Limits & Boundaries of City of Biloxi*, 109 So. 3d 529, 536 (¶1) (Miss. 2013). In *City of Biloxi*, the supreme court explained that "any claim of lack of proof of notice of publication belongs to third-party objectors, those to whom notice by publication is directed. It is improper for [a party] to raise the rights of third parties." *Id*. at 539 (¶12). The supreme court has additionally held that where a party fails to properly serve process, "the only party to have standing" to make a motion to dismiss the action based on improper service is "the party upon whom process has been improperly served." *Burleson v. Lathem*, 968 So. 2d 930, 933 (¶11) (Miss. 2007) (citing M.R.C.P. 4(h)); *see also Rains v. Gardner*, 731 So. 2d 1192, 1195 (¶11) (Miss. 1999); *Collom v. Senholtz*, 767 So. 2d 215, 218 (¶9) (Miss. Ct. App. 2000).

¶27. Our review of the record further reflects that neither Bailey nor any defendant to the complaint or default judgment raised the issue of insufficiency of process or insufficiency of service of process. We recognize that "[a] court can consider the affirmative defenses of

11

insufficiency of process and insufficiency of service of process only if they are properly raised and have not been waived." *Woodkrest Custom Homes Inc. v. Cooper*, 24 So. 3d 340, 344 (¶14) (Miss. Ct. App. 2009). In *Woodkrest Custom Homes*, the plaintiffs obtained a default judgment against the defendants, and the defendants later sought to set aside the default judgment. *Id*. at (¶¶15-16). On appeal, this Court held that the defendants waived their appellate argument that alleged that service of process was improper because the defendants failed to raise the issue in the trial court. *Id*.

¶28.    Additionally, Mississippi Rule of Civil Procedure 12(b) provides an affirmative defense to a party claiming insufficiency of process and insufficiency of service of process. M.R.C.P. 12(b)(4)-(5). We recognize that "when service of process is insufficient, . . . service-of-process defenses must be affirmatively asserted either in the initial responsive pleading or by motion. Otherwise, they are waived." *Burleson*, 968 So. 2d at 933 (¶10); *see also* M.R.C.P. 12(h)(1) (Service-of-process defenses must be asserted in the initial responsive pleading or by motion; otherwise, these defenses are waived.); *see also Cent. Insurers of Grenada Inc. v. Greenwood*, 268 So. 3d 493, 503 (¶24) (Miss. 2018) (citing M.R.C.P. 12) ("Certain defenses, including insufficiency of service of process, may be raised by separate motion. . . . However, these defenses are waived if not raised either in the answer or a separate motion filed prior to or contemporaneously with the answer.").

¶29.    We find that the Appellants lacked standing to attack the default judgment. Accordingly, we affirm the Calhoun County Circuit Court's order denying the Appellants' motion to intervene in the default judgment matter and to set aside as void the default

12

judgment.

## II. Writ of Execution

¶30. The Appellants also argue that the circuit courts erred when they held that the Appellants did not have standing to move to quash the writ of execution.[9] The Appellants maintain that as the owner of the land and the holder of a $700,000 purchase money deed of trust, the rights of the Appellants in the land "far exceed the threshold required to have standing." The Appellants maintain that they "clearly have the legal right to challenge the void judgment and the defects in the writ of execution."

¶31. As stated above, for a party to "satisfy standing, there must be a valid, present, and complete cause of action in existence along with a right to relief upon institution of the suit." *Jourdan River Estates*, 278 So. 3d at 1146 (¶40). In other words, "standing must exist when litigation is commenced and must continue through all subsequent stages of litigation, or the case will become moot." *Hotboxxx*, 154 So. 3d at 28 (¶24).

¶32. On January 17, 2019, Bruce Sweet Potato filed a writ of execution in the Chickasaw County Circuit Court. The writ of execution states that Bruce Sweet Potato enrolled its default judgment against Bailey in the Chickasaw County Circuit Court on August 24, 2016.

---

[9] The notice of appeal reflects that the Appellants are also challenging the Calhoun County Circuit Court's order denying their motion to intervene. In their appellate brief, the Appellants argue that "[t]he [c]ircuit [c]ourt erred in denying the [m]otion to [i]ntervene" and to set aside the default judgment. However, the Appellants then state: "The issuance of the [w]rit of [e]xecution made intervention no longer necessary. The [w]rit of [e]xecution was a direct attack on the real property owned by the Pearsons and on which BancorpSouth has a deed of trust. They could attack the void judgment by motion to quash." Therefore, we will limit our discussion to the circuit court's denial of the Appellant's motion to quash the writ of execution.

13

On November 23, 2016, the Pearsons purchased 220.13 acres from Bailey and obtained title by warranty deed. The Pearsons obtained a purchase money mortgage from BancorpSouth to pay for the land. In the writ of execution, Bruce Sweet Potato alleged that "[a]s such, the Pearsons took the land subject to the enrolled [j]udgment." The writ of execution commanded the sheriff "to levy execution against the property described . . . to satisfy the claim of the complaint as ordered in the [j]udgment to be $207,019.00, to Bruce Sweet Potato . . . ."

¶33. On January 18, 2019, the Appellants filed a motion to quash the writ of execution issued on a void default judgment. In its motion, the Appellants argued that the default judgment was void because service of process on Bailey was defective. The Appellants explained that a separate summons was not issued for each defendant in the circuit court case as required by Rule 4. The Appellants argued that as a result of the defective summons, the default judgment should be set aside as void and the writ of execution should be quashed. The Appellants also argued that Magnolia Brand Produce "is a valid corporation and there was no allegation of liability as to Richard Bailey individually."

¶34. After a hearing on the motion to quash the writ of execution, the Chickasaw County Circuit Court entered an order staying the writ of execution pending a ruling on the motion to intervene and the motion to quash. On February 11, 2019, the Calhoun County Circuit Court entered an order denying the Appellants' motion to intervene.

¶35. The Appellants then filed a revised motion to quash the writ of execution on February 26, 2019. In their revised motion, the Appellants repeated their argument that the default

14

judgment obtained by Bruce Sweet Potato was void because service of process was defective. The Appellants also added the argument that the writ of execution was defective pursuant to Mississippi Code Annotated sections 13-3-169 and 13-3-171 because it failed to limit the execution to only so much of the property as would satisfy the purported judgment and failed to require that the land be offered in subdivisions. In its response to the Appellants' revised motion to quash, Bruce Sweet Potato again argued that the Appellants did not have standing to challenge service of process on another person.

¶36. On March 8, 2019, both circuit courts entered orders denying the Appellants' motion to quash. The orders reflect that the circuit judge based his determination on the fact that the Appellants, "as interested parties, lack[ed] standing to seek the requested relief."

¶37. In support of their argument that they possessed standing to challenge the writ of execution, the Appellants cite *Sass Muni-V LLC v. DeSoto County*, 170 So. 3d 441, 449 (¶21) (Miss. 2015), where the supreme court held that "[u]nder Mississippi's liberal standing requirements, we find that a tax-sale purchaser has standing to challenge the validity of the sale under the notice provisions of the tax-sale statutes." The Appellants accordingly submit that if the purchaser at a tax sale has standing, then the Appellants, as record owners of the real property at issue, have standing in regard to that real property.

¶38. We recognize that "[i]n Mississippi, parties have standing to sue when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law." *In re City of Biloxi*, 113 So. 3d 565, 570 (¶13) (Miss. 2013) (internal quotation marks omitted). The supreme court has

15

defined colorable interest as follows: "whether the particular plaintiff had a right to judicial enforcement of a legal duty of the defendant or whether a party plaintiff can show in himself a present, existent actionable title or interest, *and* demonstrate that this right was complete *at the time of the institution of the action*." *Trigg*, 266 So. 3d at 620 (¶20) (emphasis added).

¶39.    In *Gray Properties LLC v. Utility Constructors Inc.*, 168 So. 3d 1164, 1165 (¶3) (Miss. Ct. App. 2014), a property owner filed an action against two corporate entities alleging breach of contract and tortious acts stemming from structural damage to the property. The entities filed a motion for summary judgment and argued that the property owner did not have standing to sue because the property owner "did not hold title to the . . . real property at the time the alleged defects . . . manifested." *Id*. at 1165 (¶4). On appeal, this Court found that although the property owner did not own the real property at the time the structural damage was discovered, the property owner did have standing to sue the entities because the property owner experienced "an adverse effect from the conduct of the defendant." *Id*. at 1168 (¶14); *see also Kalmia Realty & Ins. Co. v. Hopkins*, 163 Miss. 556, 141 So. 903, 904 (1932) (holding that a judgment enrolled after the time allowed for the chancery clerk to enroll the judgment did not affect the rights of a bona fide purchaser for value who purchased the property before the enrollment of the judgment but after the judgment was rendered).

¶40.    After our review of precedent, we find that the Appellants in the cases before us did have standing to challenge the writ of execution. However, as to the Appellants' argument that as the writ of execution should be quashed because the default judgment is void as a result of the defective summons and improper service of process on Bailey, we reiterate our

finding above that the Appellants do not have standing to make this argument for Bailey. We accordingly reverse the March 8, 2019 orders of the Calhoun County Circuit Court and Chickasaw County Circuit Court denying the Appellants' motions to quash and stay the writ of execution, and we remand these cases for further proceedings consistent with this opinion. However, we affirm the Calhoun County Circuit Court's February 25, 2019 order denying the Appellants' motion to intervene in the default judgment matter and to set aside as void the default judgment.

¶41.    **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. C. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**